# EXHIBIT H

| | |
|---|---|
| **From:** | Manthripragada, Dhananjay S. |
| **Sent:** | Friday, December 6, 2019 7:17 PM |
| **To:** | AAA Heather Santo; Ashley Keller; Warren Postman; Fogelman, James P.; Mathur, Shaun |
| **Cc:** | Evangelis, Theane; Cochrane, Thomas; Maryott, Michele L.; McKenna, Madeleine; Travis Lenkner; Sean Duddy |
| **Subject:** | RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED] |

Ms. Santo,

Thank you for holding an administrative conference call today.  We write to address a few of the comments in your email summarizing the call.

First, your email states that Postmates will submit a list of 50 individuals "and the applicable arbitration agreements to AAA."  That is not what we agreed; nor is it our obligation.  Claimants waived objection to our identification of 50 people from their original list for whom Postmates will agree to commence arbitration immediately, subject to reserving all of its rights.  We will provide that list and AAA will send Postmates an invoice, which will be paid and the matters will proceed.  We are not submitting anything but the names.

Second, your email states that Postmates "requested arbitrator names and availability in order to determine if they wish to comply with the filing requirements on the remaining 5,205 matters."  That misstates Postmates' position, and is inconsistent with the discussion this morning.  Postmates has requested this information so it can evaluate AAA's assertion that it can proceed with 5,255 claims simultaneously in determining how to proceed.  We will be submitting the formal request for this "limited service" shortly.

Third, regarding Postmates' request both for information and for the administrative re-opening of the matters while we review the information, you stated during today's call that you would escalate Postmates' request at AAA.  We appreciate your willingness to do so.

Thanks,
DJ

**Dhananjay S. Manthripragada**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

---

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Friday, December 6, 2019 1:27 PM
**To:** Ashley Keller <ack@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott,

Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel:

This will confirm an administrative conference call was held on December 6, 2019 with counsel for the parties and the following was discussed:

- Respondent offered to remit payment for 50 of the 5,255 individual cases.  Claimants do not object to Respondent identifying the 50 individual cases.  Respondent will submit a list of the 50 individual cases and the applicable arbitration agreements to AAA, with a copy to the opposing counsel.  Upon receipt of Respondent's filing fees, the AAA will proceed with administration of the 50 identified arbitration demands.
- As advised in previous communications, the filing requirements, including remittance of the proper fees, must be met in order for AAA to move forward with administration. Therefore, aside from the 50 cases in which Respondent has stated they will remit payment, the other matters remain closed.
- Respondent requested arbitrator names and availability in order to determine if they wish to comply with the filing requirements on the remaining 5,205 matters.  The AAA routinely provides this service to parties in order to assist with arbitrator selection on cases in which the filing fees have been paid. Upon receipt of the filing fees, we can establish an arbitrator pre-screening process for availability, potential conflicts or other useful information.  Respondent stated they will provide AAA a formal request to provide this limited service. Upon receipt, the AAA will request the comments of Claimants.
- The AAA, with over 90 years of experience, has various mechanisms for handling large volume caseloads.  Discussions occur with various levels of the AAA team to discuss the process for handling caseloads at the AAA.
- Respondent reiterated concerns regarding the filing requirements being met.  The AAA previously determined that the initial administrative filing requirements pursuant to the Rules have been met by Claimants.
- The parties may work together regarding any additional issues and submit any joint proposal to AAA.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02911
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Thursday, December 5, 2019 3:16 PM

**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Dear Counsel:

This will confirm an administrative conference call will be held tomorrow, December 6, 2019, at 9:00am Pacific Time / 12:00pm Eastern Time.

Please use the following dial-in information to join the call:

888.537.7715 ; Passcode: 47609078#

Sincerely,

Heather Santo


**AAA Heather Santo**
**Assistant Vice President**
Labor, Employment & Elections
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919

---

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Thursday, December 5, 2019 12:25 PM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo - We are available from 9am-10am Pacific tomorrow.

Thank you,
DJ

**Dhananjay S. Manthripragada**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

On Dec 5, 2019, at 6:46 AM, AAA Heather Santo <heathersanto@adr.org> wrote:

[External Email]
Dear Counsel,

The AAA would like to schedule an administrative conference call to discuss the recent communications of the parties.

Please advise as to your availability to participate in a call today or tomorrow any time between 12:00pm – 3:00pm Eastern Time.

Sincerely,

Heather Santo

<image75174d.PNG>  **Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E:          <image92acd9.JPG>
heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Wednesday, December 4, 2019 5:14 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo,

AAA's silence on these matters is concerning.  Is AAA refusing to commence 50 arbitrations?  We have not seen an invoice or any indication these are moving forward.  Please explain and/or update.  Also, is AAA refusing to provide the requested information as to the other matters?  We have now requested that information 5 times and have heard nothing from AAA.

I look forward to your prompt response.

Thanks,
DJ

Dhananjay S. Manthripragada

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

---

**From:** Manthripragada, Dhananjay S.
**Sent:** Tuesday, December 3, 2019 3:28 PM
**To:** 'Warren Postman' <wdp@kellerlenkner.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Warren – Such game playing will not advance the ball.  We have already said a number of times that the AAA can pick any 50 it wants and we are ready to pay for and proceed with those 50 immediately, though obviously under a reservation of rights.  That is not dependent or conditional on anything other than AAA selecting the 50, sending an invoice and getting the process started.  We have separately asked the AAA for basic information which should be easy to provide and have no idea why it has not already been provided; we have also asked the AAA to re-open the other matters while we evaluate that information once it is provided.  The only delay here is on AAA's part, not Postmates.  We are not asking any claimant to waive any rights they allege to have, nor are we waiving any rights of Postmates.

Best,
DJ

Dhananjay S. Manthripragada

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Tuesday, December 3, 2019 2:43 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
DJ,

You have never identified which 50 individuals Postmates is offering to pay for, and you still will not say if Postmates is willing to proceed with 50 claimants while the remaining files remain closed. Once again, we will not agree to have AAA reopen and hold in abeyance thousands of demands as a condition of Postmates moving forward with 50 arbitrations.

If Postmates truly wants to proceed with 50 arbitrations without conditions, it should identify those individuals and pay the requisite filing fees so the process can commence as to those 50 claimants.  We will not participate in your decision regarding for whom Postmates will move forward and for whom it will continue to violate its obligation to arbitrate. But nothing is stopping Postmates from moving forward with 50 arbitrations of its choosing.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Tuesday, December 3, 2019 10:53 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Warren – Your email is wrong in almost every respect.  Postmates is prepared to move forward, under a reservation of rights, with 50 arbitrations and pay fees associated with those 50, and has been saying so for some time.  It is only the AAA that has refused to proceed.

Postmates is also still requesting basic information from the AAA so that it can evaluate what would happen to the remaining claims. Postmates will not be bullied into paying over $10 million in filling fees immediately just to watch claims linger for years before even an initial conference can take place, if that indeed is what would happen. Postmates is entitled to understand the effect of Claimants' improper attempts to overwhelm the system, and to know whether it is being asked to pay fees for arbitrations long before they ever proceed.

Claimants have voiced no objection either to the 50 arbitrations commencing forthwith or to Postmates' request for relevant information.  AAA should send an invoice for the 50 which will be paid expeditiously and provide the requested information so that Postmates can make a meaningful decision regarding the remaining claims.  None of this delay in doing either is attributable to Postmates.

Best,
DJ

**Dhananjay S. Manthripragada**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Tuesday, December 3, 2019 6:21 AM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
DJ,

While Ms. Santo can of course clarify, you have mischaracterized the emails from her and the parties to date.

Ms. Santo's email accurately notes that the parties do not currently have a meeting of the minds. Postmates has not simply said it wants to pay the fees for 50 individual arbitrations; rather, it has <u>conditioned</u> its willingness to proceed with 50 arbitrations on indefinitely delaying the other 5,205 arbitrations.  Claimants do not object to Postmates moving forward with 50 arbitrations but, since we insist on each arbitration being treated individually, we do not agree to Postmates conditioning this step on the remaining arbitrations being reopened and held in abeyance.

If Postmates would like to move 50 claims forward without conditioning that step on our agreement to delay the other Claimants' right to prompt arbitration, we would have no objection, and I expect AAA would not either. The only thing stopping any arbitrations from moving forward is Postmates's refusal to pay <u>any</u> fees unless 99% of Claimants agree to hold their demands in abeyance.

Separately, it is remarkable that Postmates has required hundreds of thousands of couriers to sign a Fleet Agreement that waives the right to participate in a class action and requires dispute resolution before AAA, yet Postmates apparently does not believe that more than several hundred couriers can resolve their claims before AAA at any given time. That is a telling indictment of Postmates's bad-faith use of arbitration agreements to avoid class actions while not being willing to resolve a significant number of claims in arbitration. Fortunately, however, the AAA Rules and the streamlined manner in which arbitration is supposed to function make Postmates's concerns unfounded.  To be sure, Postmates may not be able to turn each arbitration into the equivalent of a federal case, and thus cannot succeed in preventing all but a few claims from being resolved at a time. But each of our clients' claims can be efficiently resolved in arbitration if Postmates treats arbitration as the streamlined, speedy, and less litigious process Postmates regularly describes to courts when it compels arbitration to avoid class actions. In all events, regardless of Postmates's feigned ignorance of how arbitration works, the AAA Rules that Postmates incorporated into its contract, as well as the Court's order in *Adams*, unambiguously obligate Postmates to move forward with arbitration for each Claimant without delay.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Monday, December 2, 2019 10:16 PM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller

<ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

I am very concerned about your email.  You seem to be suggesting that AAA is refusing to proceed with the arbitration of 50 claims even though (a) both parties have agreed that 50 can go forward now and (b) both parties are agreeing to pay the filing fees for such claims, **unless** Postmates *first* pays the filing fees for over 5200 other claims.  With all due respect, this suggestion, if it is indeed AAA's position, is inconsistent with AAA's own rules and common sense.  While Postmates reserves all of its objections with respect to these 50 claims and every other claim, Postmates is prepared to proceed with 50, and the firm claiming to represent those 50 (and many others) has agreed to move forward as well.  So if AAA is indeed refusing to proceed, on what basis is AAA refusing? The purpose of our agreement to move forward with 50 is to see if AAA's treatment of those 50 is supportive of AAA's alleged capability of moving forward with 5255 claims at the same time.  We have also asked for additional limited information on which our client can evaluate AAA's assertion that it can proceed with 5255 claims simultaneously, and the information sought was laid out in my emails to you dated November 26 and 27.  Yet we have received no response and no explanation for the failure to respond.  To reiterate what we have asked for:

- On November 26, 2019, Postmates requested that AAA explain how it would conduct all 5,255 arbitrations "in accordance with [its] Rules," and to "send the parties a list of all arbitrators that AAA would make available for arbitration of these matters and their availability over the next year or more (whatever information is available), if Postmates were to pay filing fees."  Postmates' Nov. 26, 2019 Email.
- On November 26, 2019, Postmates also stated that it "is genuinely interested in learning how AAA would propose having all of Claimants' demands proceed simultaneously," and requested that AAA share information it might have.  *Id.*
- On November 27, 2019, Postmates "reiterated its request that AAA share a list of all arbitrators that AAA would make available for arbitration of these matters and their availability, if Postmates were to pay filing fees—either for 50 randomly selected Claimants or all Claimants."  Postmates' Nov. 27 email.

None of this information should be difficult to provide and is the minimum needed to evaluate AAA's alleged readiness to entertain 5255 claims simultaneously, together with the commencement of 50 random claims at this time.  We can think of no genuine reason why the AAA has, to date, refused to provide that information or why it is refusing to commence the 50 arbitrations we have agreed to (under a reservation of rights).  All of the arbitrations should be administratively re-opened during this investigative phase, AAA should provide the information requested forthwith, and the AAA should commence with 50 arbitrations without further delay.  We look forward to hearing your prompt response.

Best,
DJ

**Dhananjay S. Manthripragada**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Monday, December 2, 2019 10:04 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Manthripragada,

Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel,

This will acknowledge receipt of Respondent's emails dated November 26, 2019 and November 27, 2019.  This will also acknowledge receipt of Claimants' email dated November 29, 2019.

We note the parties are exchanging emails regarding 50 cases moving forward, but there does not seem to be an agreement relative to the remaining 5,205 cases.  Unless there is an agreement between the parties, these matters remain closed.

The AAA will re-open these matters if the parties provide a joint agreement of how they wish to proceed, which includes remittance of the appropriate filing fees.

Please do not hesitate to contact me should you have any questions.

Sincerely,
Heather Santo

<image001.png> | **Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E:                    <image002.jpg>
heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Friday, November 29, 2019 11:23 AM
**To:** Mathur, Shaun <SMathur@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo,

If Postmates identified a subset of 50 Claimants and paid its share of the filing fees necessary to move their cases forward, we of course would have no objection to AAA's reopening those Claimants' cases so they could proceed.  But Postmates's willingness to proceed with 50 Claimants' arbitrations would not help the remaining Claimants, whose cases have been closed because of Postmates's refusal to pay the fees necessary to commence their arbitrations.  Unfortunately, the remaining 5,205 Claimants still would be required to continue to seek judicial relief to force Postmates to arbitrate with them.

Thus, while we certainly would have no objection if Postmates met its obligation to arbitrate with respect to 50 Claimants of its choosing, that would provide no basis to reopen the arbitrations of Claimants for whom Postmates remains unwilling to meet its obligation to move forward.

Under the parties' arbitration agreement, each Claimant has an independent, individual right to arbitrate without delay.  That Postmates might choose to proceed with 50 Claimants' arbitrations would be great for those 50 Claimants—and we would welcome it, as a (very) small measure of progress for those Claimants—but it would be irrelevant to the procedural posture of the remaining 5,205 Claimants.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Mathur, Shaun <SMathur@gibsondunn.com>
**Sent:** Wednesday, November 27, 2019 5:55 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

As a follow-up to our November 26, 2019 email, and to further demonstrate Postmates' readiness and willingness to commence arbitrations, Postmates writes to request that AAA reopen the arbitration demands concerning the 5,255 Claimants, so that a certain number of arbitrations may commence expeditiously.  Specifically, Postmates offers to remit payment for 50 randomly-selected arbitrations on the express conditions that (a) Postmates reserves its right to raise demand sufficiency issues as to these 50 Claimants with the assigned arbitrator, (b) Postmates reserves its right to challenge the sufficiency of the demands as to the remaining 5,205 Claimants before remitting payment, and (c) AAA schedules these 50 arbitrations to begin expeditiously.  Postmates believes that this proposal will allow the parties to begin arbitrating expeditiously and in a manner that allows them to better understand how AAA intends to administer all 5,000-plus arbitrations simultaneously.

Again, Postmates is not married to this proposal, and it would gladly entertain a proposal from Petitioners or AAA on how all the arbitrations could proceed—simultaneously, staged, or otherwise.  Postmates is not asking how or when Claimants would prefer Postmates to pay fees; rather, Postmates is asking *how* the arbitrations themselves would proceed and be conducted.

Postmates also reiterates its request that AAA share a list of all arbitrators that AAA would make available for arbitration of these matters and their availability, if Postmates were to pay filing fees—either for 50 randomly selected Claimants or all Claimants.

Thanks,
Shaun

**Shaun Mathur**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3998 • Fax +1 949.475.4698
SMathur@gibsondunn.com • www.gibsondunn.com

---

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Tuesday, November 26, 2019 9:56 PM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates understands that AAA decided to administratively close the demands because the parties were unable to agree on *how* all of Claimants' demands could proceed.  Indeed, the record is clear that Postmates proposed a reasonable solution for how arbitrations could immediately commence, but Claimants rejected Postmates' proposal, and insisted that the "only next step" to which they would agree is the payment of all fees upfront—even though the Court in *Adams* expressly declined to order Postmates to pay all fees.  Claimants also failed to offer a solution of their own.  For instance, Claimants never offered to front the filing fees themselves.  Nor did Claimants ever explain how they intended to prosecute all their demands in a manner that does not "prioritiz[e] some Claimants' demands over others."

You have previously stated that "[t]he AAA stands ready to administer these matters in accordance with [its] Rules."  Postmates urges AAA to explain how it would do so.  Specifically, Postmates respectfully requests that AAA send the parties a list of all arbitrators that AAA would make available for arbitration of these matters and their availability over the next year or more (whatever information is available), if Postmates were to pay filing fees.

At bottom, Postmates is genuinely interested in learning how AAA would propose having all of Claimants' demands proceed simultaneously.  If AAA has any information to share, Postmates respectfully requests that it share it with the parties.

Thanks,
DJ

**Dhananjay S. Manthripragada**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP



EXHIBIT H
Page 61

333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

---

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Tuesday, November 26, 2019 5:12 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>;
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]

Dear Counsel:

This will acknowledge receipt of Respondent's email dated November 25, 2019.  This will also acknowledge receipt of Claimants' email of today's date.  The AAA as an administrative, neutral organization cannot change the process in our Rules without parties agreement.

Respondent has failed to submit the previously requested filing fees for these matters; accordingly, we have administratively closed our files.  Claimants' filing fees will be refunded under separate cover.

Sincerely,

Heather Santo


<image001.png>>  **Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E:
heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Tuesday, November 26, 2019 12:11 AM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo,

Mr. Manthripragada's email appears to be an attempt to distort the record in hopes that those distortions somehow will help Postmates justify its refusal to arbitrate.

In truth, Postmates's "proposal" is to modify the parties' arbitration agreement by prioritizing some Claimants' demands over others and delaying most Claimants' arbitrations indefinitely. Claimants do not consent to that departure from truly individual arbitrations.

Our understanding is that (1) AAA made an administrative determination that Claimants met all of their filing requirements to commence individual arbitrations; (2) in order for individual arbitrations to proceed in accordance with AAA rules, the only step remaining is for Postmates to remit the full payment that AAA has determined Postmates owes; and (3) if Postmates fails to pay its filing fees, that refusal will cause AAA to administratively close Petitioners' arbitrations.

If AAA believes the record is less than clear on any of these points, we of course welcome AAA's further clarification. Otherwise, however, we understand if AAA wishes to allow the ample record to speak for itself.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Manthripragada, Dhananjay S." <DManthripragada@gibsondunn.com>
**Date:** Monday, November 25, 2019 at 3:14 PM
**To:** AAA Heather Santo <heathersanto@adr.org>, Warren Postman <wdp@kellerlenkner.com>
**Cc:** "Mathur, Shaun" <SMathur@gibsondunn.com>, "Evangelis, Theane" <TEvangelis@gibsondunn.com>, "Cochrane, Thomas" <TCochrane@gibsondunn.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "McKenna, Madeleine" <MMcKenna@gibsondunn.com>, Ashley Keller <ack@kellerlenkner.com>, Travis Lenkner <tdl@kellerlenkner.com>, Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Thank you, Ms. Santo.  We have understood from your correspondence that AAA has no objection to Postmates' proposal (stated in its October 25 letter and repeated again below) to have arbitrations commence.  We have further understood that the reason AAA will not administer the demands according to Postmates' proposal is that Claimants' counsel will not agree to the proposal and the "only next step" that Claimants' counsel agrees to is the payment by Postmates of all assessed filing fees.  And we have understood that AAA will not propose any alternative process to commence arbitrations for the same reason.  Please clarify if any of this is incorrect.

Best,
DJ

**Dhananjay S. Manthripragada**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

---

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Monday, November 25, 2019 12:35 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel,

This will acknowledge receipt of the below emails, received today, from Respondent and Claimants.

As previously advised, absent agreement of the parties on an alternative process for handling the demands for arbitration filed by Claimants, the AAA must adhere to its Commercial Rules and Employment/Workplace Fee Schedule.  Inasmuch as the parties have been unable to reach any agreement, Respondent's fees remain due by end of day today.

The AAA stands ready to administer these matters in accordance with our Rules, however we will decline to administer the cases and the files will be closed if payment is not received today.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Monday, November 25, 2019 1:47 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas

<TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***


Ms. Santo,

We have made our position on these issues clear and do not agree to any further extensions.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Manthripragada, Dhananjay S." <DManthripragada@gibsondunn.com>
**Date:** Monday, November 25, 2019 at 9:50 AM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Warren Postman <wdp@kellerlenkner.com>, "Mathur, Shaun" <SMathur@gibsondunn.com>, "Evangelis, Theane" <TEvangelis@gibsondunn.com>, "Cochrane, Thomas" <TCochrane@gibsondunn.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "McKenna, Madeleine" <MMcKenna@gibsondunn.com>, Ashley Keller <ack@kellerlenkner.com>, Travis Lenkner <tdl@kellerlenkner.com>, Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates writes to correct the record concerning settlement proceedings in *Rimler*, to request an extension on the payment deadline, and to reiterate its request that AAA propose or explain how individual arbitrations could realistically proceed.

Contrary to Claimants' representation that the *Rimler* Court "refused" to approve the settlement, the Court merely "continue[d] the hearing on the motion for preliminary approval," so the parties could answer the Court's questions and modify the language used in the settlement. This is an ordinary practice in California state court, and the parties will resubmit additional briefing and reappear before the Court for preliminary approval. The *Rimler* parties expect the next hearing to be scheduled for January 31, 2020. Thus, Postmates requests an extension of the payment deadline to February 4, 2020. AAA previously granted an extension in view of the preliminary approval hearing, and there is no reason to depart from that practice now.

Claimants state that "[t]he only next step to which [they] will agree is for Postmates to pay the filing fees." Thus, Claimants refuse to even consider Postmates' proposal on how arbitrations could commence, or to offer a proposal of their own. And to the extent Claimants seek to condition the commencement of *some* arbitrations on the commencement of *all* arbitrations, that is not individual arbitration and is not provided for anywhere in AAA's rules or

the Fleet Agreement.  Claimants cannot have it both ways by insisting that AAA impose individual filing fees, while refusing to arbitrate in individual cases.

Postmates urges AAA to propose or explain how Claimants' demands could realistically proceed.  AAA may believe that Claimants will not agree to any proposal from either Postmates or AAA, but that is no reason for AAA not to propose a solution to the manageability issues raised by mass arbitration.  And until a proposal is made, it is speculative what either party will do.

Accordingly, Postmates respectfully requests an extension of the payment deadline until February 4, 2020, and requests that AAA propose how all of Claimants' arbitration demands could realistically proceed.  Postmates reiterates that it is ready to conduct individualized arbitrations in a manner that is workable and manageable for all involved.  It is not requesting that Claimants' demands be "put on hold," as Claimants' counsel suggests.  Rather, the demands at issue are "on hold" because Claimants' counsel continues to insist that "the only next step to which [Claimants' counsel] will agree is for Postmates to pay the filing fees," which is precisely the relief that counsel sought from the *Adams* Court and which the Court expressly denied.  *Adams*, Dkt. 253 at 13 ("the Court denies Petitioners' request for an order directing Postmates to tender payment of outstanding and future arbitration fees").

Also, the Court denied Keller Lenkner's motion to intervene.  Claimants' counsel did not provide AAA with the Court's ruling, so it is attached here.

Best,
DJ

**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

---

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Friday, November 22, 2019 1:48 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel,

This will acknowledge receipt of Respondent's email dated November 20, 2019.  This will also acknowledge receipt of Claimants' email of today's date.

As of this date, the parties have been unable to reach an agreement on an alternative process for handling the demands for arbitration filed by Claimants. The AAA must adhere to its Commercial Rules and Employment/Workplace Fee Schedule and Respondent's fees remain due by November 25, 2019.  If there is not an agreement on an alternative process and fees are not paid, the AAA will decline to administer these cases and the files will be closed.



Please do not hesitate to contact me should you have any questions.

Sincerely,

Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Friday, November 22, 2019 12:31 PM
**To:** Mathur, Shaun <SMathur@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo,

First, we would like to update you on the proposed *Rimler* settlement that was the basis for Postmates's seeking an extension of its payment deadline until November 25. Yesterday, the court in *Rimler* refused to approve the proposed settlement and it issued the attached ruling, which identified a host of "[s]ignificant concerns" with the proposed settlement. Postmates and counsel for Rimler may attempt to negotiate a revised settlement and seek approval again. But as we have said before, as you recognized in your November 1 email, and as the federal court recognized in *Adams*, speculation about whether a class settlement might eventually be approved and whether Claimants might eventually choose to participate in it is no basis to deny Claimants their right to move forward with arbitration now.

Postmates claims it is "ready, willing, and able to conduct truly individualized arbitrations," but then it asks AAA and the parties to consider the opposite: requiring the overwhelming majority of Claimants' demands to be put on hold because Postmates does not want to defend against a large number of demands at once. Claimants do not consent to depart from or delay the individual arbitration process that is required by the parties' contract and AAA rules.

Postmates has delayed proceeding with Claimants' demands for months, forcing AAA to close Claimants' cases once already and Claimants to obtain a court order in *Adams* compelling individual arbitration. The court in *Adams* held that, under the parties' contract, it is up to AAA to make the administrative determination regarding what is required for individual arbitrations to proceed. AAA has made that determination. Postmates is under a court order to comply with that determination whether it agrees with it or not, and to raise any further objections with individual arbitrators. The

only next step to which we will agree is for Postmates to pay the filing fees AAA has determined are required so that Claimants' individual arbitrations can commence. To that end, please confirm that Monday, November 25 is Postmates's final deadline to pay the filing fees it owes in these matters.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Mathur, Shaun <SMathur@gibsondunn.com>
**Sent:** Wednesday, November 20, 2019 11:30 AM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates writes to inform AAA that Postmates has filed a notice of appeal in *Adams v. Postmates Inc.*, Case No. 4:19-cv-03042-SBA (N.D. Cal.), and to reiterate its willingness to reach a workable solution.

As you know, Claimants re-filed their demands after the Court in *Adams* granted in part and denied in part the parties' cross-motions to compel arbitration, and specifically "denie[d] Petitioners' request for an order directing Postmates to tender payment of outstanding and future arbitration fees."  *Adams*, Dkt. 253 at 13.  On November 19, 2019, Postmates filed its notice of appeal in *Adams*, meaning judicial proceedings concerning Claimants' demands are still ongoing.

Moreover, contrary to Claimants' accusation of bad faith, Postmates is ready, willing, and able to conduct truly individualized arbitrations in a manner that is workable and manageable for all involved.  Indeed, in its October 25, 2019 letter, Postmates proposed that an arbitrator be appointed to resolve threshold demand sufficiency issues for fifty randomly-selected claimants; if the arbitrator determines that a claimant's particular demand is sufficient, then the arbitrator would retain the arbitration for a determination on the merits.  Postmates submits that its proposal provides a fair and manageable way to address the administratively challenging issue of mass arbitrations.

Even if Claimants are not amenable to that particular solution, Postmates is willing to entertain alternative proposals from AAA and Claimants.  Postmates believes that the parties would greatly benefit from a proposal from AAA, in particular, on how truly individualized arbitrations could realistically proceed.

Postmates is hopeful that the parties can reach an agreement on how Claimants' claims can be resolved.  We would be happy to schedule a call to discuss additional proposals from AAA or Claimants.

Thanks,
Shaun

**Shaun Mathur**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3998 • Fax +1 949.475.4698
SMathur@gibsondunn.com • www.gibsondunn.com

---

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Tuesday, November 19, 2019 5:44 PM
**To:** Warren Postman <wdp@kellerlenker.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenker.com>; Travis Lenkner <tdl@kellerlenker.com>; Sean Duddy <skd@kellerlenker.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]

Dear Counsel,

This will acknowledge receipt of Respondent's request for an extension of the deadline to remit their share of the filing fees. Claimants oppose the request. The AAA has determined to grant the extension. The deadline for Respondent's payment is November 25, 2019.

Sincerely,

Heather Santo

Sent from my iPhone



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

On Nov 19, 2019, at 6:01 PM, Warren Postman <wdp@kellerlenker.com> wrote:

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo,

Postmates's deadline is today.  The cutoff for wiring money to your office has already passed, so Postmates has already missed AAA's deadline.  Postmates has demonstrated repeatedly that it has no

intention of complying with AAA's administrative determinations and is simply seeking delay in bad faith.

Moreover, in your email of November 1, AAA already determined that the proposed *Rimler* settlement is no basis to delay properly filed demands.  A federal court reached the same conclusion and compelled Postmates to arbitrate these demands notwithstanding Postmates's urging that the Court delay its decision in light of *Rimler*.

We request that AAA not tolerate these further delay tactics from Postmates and deny the extension.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Tuesday, November 19, 2019 5:48 PM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates writes to request a brief extension until Monday (November 25) of today's filing-fee deadline that AAA has set.  As you know from previously submitted letters and the parties' discussions with AAA, Postmates has entered into a class action settlement agreement.  The motion for preliminary approval of the settlement will be heard this Friday, November 22, 2019, in *Rimler v. Postmates*, CGC-18-567868 (S.F. Sup. Ct.).  Claimants' counsel has a filed a motion to intervene in Rimler, seeking to object to the settlement on behalf of its purported clients.  Although Claimants may oppose Postmates' request for a brief extension, granting an extension will allow the parties to better understand the landscape in view of the *Rimler* settlement proceedings, and AAA has previously granted Postmates a two-week extension even where the parties were unable to agree to an extension.  AAA should grant Postmates' non-controversial request.

Thank you for your consideration.

**Dhananjay S. Manthripragada**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Tuesday, October 29, 2019 9:12 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel,

This will acknowledge receipt on October 22, 2019 of 5,255 re-filed individual Demands for Arbitration alleging claims against Postmates. Upon review of the documents, the AAA's Commercial Arbitration Rules and Mediation Procedures and the Employment/Workplace Fee Schedule shall apply to these disputes.  We have assigned AAA Case # 01-19-0003-4069 to these matters. Please note all individual arbitrations will be assigned their own case numbers upon receipt of Respondent's portion of filing fees.

Pursuant to the Employment/Workplace Fee Schedule a filing fee of $300.00 is due from the individuals when claims are filed, unless the agreement provides that the individual pay less. A fee of $1,900.00 per case is due from the company, unless the agreement provides that the company pay more.

Claimants have met their filing fee requirements for the 4,906 Claimants subject to the 2019 Fleet Agreement. Accordingly, we request that the company pay its share of the fees in the amount of $9,321,400.00 ($1,900.00 for 4,906 cases) on or before November 19, 2019.

For the remaining 349 Claimants subject to the 2018 Fleet agreement, in which the arbitration agreement states Postmates will pay all fees, we request that the company pay fees in the amount of $767,800.00 ($2,200.00 for 349 cases) on or before November 19, 2019.

Payment may be submitted via check, wire transfer or credit card. Attached are the AAA Wire Transfer instructions. If paying by check, please reference the above case number, and mail your payment to:

Attention: Larry Allston
American Arbitration Association
13727 Noel Road, Suite 700
Dallas, TX  75240

If you wish to pay by credit card, please contact me directly and I will provide an AAA Paylink.

Please note: no answering statement or counterclaim is due at this time.  The AAA will notify the parties of the response deadlines when all fees have been received.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Heather Santo

**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E:
heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Wednesday, October 23, 2019 11:00 AM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

<span style="color:red">**\*\*\* External E-Mail – Use Caution \*\*\***</span>

Mr. Manthripragada,

For your convenience, I have attached a separate spreadsheet containing the individual information for each of the Claimants who re-filed their demands yesterday.

The password for the spreadsheet is the same as the one I sent yesterday for the folder containing the Claimants' demands.

Sincerely,

**Warren D. Postman**
Partner
**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** Warren Postman
**Sent:** Tuesday, October 22, 2019 11:00 PM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>
**Subject:** RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994

Ms. Santo,

After Postmates refused to pay the filing fees necessary to proceed with the arbitrations below, 5,257 of the Claimants in those arbitrations filed a motion to compel arbitration in the U.S. District Court for the Northern District of California. Postmates then filed a "cross-motion" to compel individual arbitration. Earlier today, the Court issued a decision on those motions. A copy of the Court's decision is attached. The Court held:

> The Court finds that, pursuant to Section 4 of the FAA, the parties are obligated to arbitrate Petitioners' misclassification claims and are hereby ordered to do so. All other matters raised by the parties in this action, including their respective requests for an order directing Petitioners to refile their arbitration demands and Postmates to tender payment of the arbitration fees, are for the arbitrator to decide.

Keller Lenkner is hereby re-filing the individual demands for arbitration previously filed by 5,255 Claimants, all of whom are Petitioners subject to the Court's order compelling arbitration. By this email, Keller Lenkner is also serving those demands on Postmates, in accordance with Postmates's prior agreement to accept electronic service.

Each Claimant's individual arbitration demand, along with the relevant arbitration agreements, are available here (production to follow under separate cover). Each Claimant's demand is identical to the demand he or she previously served on Postmates.

Each Claimant hereby requests that AAA administer a separate, individual arbitration for him or her pursuant to the AAA Commercial Rules (which, for these matters, incorporate the Employment Arbitration Fee Schedule). Each Claimant has either paid the required filing fee or submitted a hardship-based fee waiver to AAA. Pursuant to the Court's order, each Claimant will abide by AAA's determination of the fees and other filing requirements necessary to commence individual arbitrations.

Claimants hereby request that AAA (i) confirm that each Claimant has met his or her obligations to commence an individual arbitration before AAA; (ii) inform Postmates of the amount of filing fees Postmates must pay to commence individual arbitrations with each Claimant; and (iii) inform Postmates of when those fees are due.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Friday, June 21, 2019 4:14 PM
**To:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Joanne Saint-Louis, JD <SaintLouisJ@adr.org>
**Subject:** RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994

Dear Counsel,

This will acknowledge e-mails dated June 17, 2019 and June 20, 2019 from the parties on the above case.

As previously advised, the AAA determined Claimant met the filing requirements under our Commercial Arbitration Rules, Rule R-4 and Employment/Workplace Fee Schedule and that Respondent may bring their arbitrability challenges to the individual arbitrators once appointed after the filing fees were paid.

This will confirm neither party agreed to AAA's offer, in our June 17, 2019 email, to have the company pay an initial fee of $300.00 per case to allow parties to further consider mediation or other process options or until a determination of the court action has been completed.  As such, the AAA is closing these cases. The initial fees paid by Claimants will be refunded.  An invoice for AAA's mediation fee and the compensation of the mediator will be sent to Respondent under separate cover.

The AAA will abide by any court order directing the manner in which the underlying arbitrations should or should not proceed.  Please keep us advised.

Please let me know if you have any questions.

Sincerely,

Heather Santo


<image001.png> | **Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E:                    <image002.jpg>
heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Evangelis, Theane <TEvangelis@gibsondunn.com>
**Sent:** Thursday, June 20, 2019 2:56 AM
**To:** Joanne Saint-Louis, JD <SaintLouisJ@adr.org>; 'ack@kellerlenkner.com' <ack@kellerlenkner.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994

**\*\*\* External E-Mail – Use Caution \*\*\***

Dear Ms. Saint-Louis,

Thank you for your email.  We appreciate that AAA is trying to work out a solution to the issue of mass arbitration demands being labeled as "individual" demands in order to trigger filing fees and impose financial pressure on respondent companies like Postmates.  We are certainly interested in continuing to work towards an equitable solution.  Unfortunately, paying $300 per claimant (over $1.5 million in total), simply for a stay pending litigation, does not solve the problem of claimants filing *de facto* class arbitration demands under cover of an "individual demands" label.

It is clear that the purpose of claimants' counsel's purported arbitration demands is to use AAA as a tool for settlement leverage unrelated to the strength of the claims at issue.  Claimants' counsel's assertion that it is capable of diligently prosecuting 5,000+ arbitrations simultaneously cannot withstand scrutiny.  That is why, as you point out, claimants' counsel has been almost exclusively interested in securing invoices from AAA that assess millions of dollars in fees upon Postmates.  6/17/2019 Saint-Louis Email ("Claimants' counsel . . . does not agree that respondent should have a payment plan.").  And that is why claimants' counsel is now focused not on finding a way to move the parties into arbitration, but on ensuring that AAA "confirm[s] . . . that [it] will decline to administer the cases."  6/17/2019 Lenkner Email.  If claimants' counsel truly wished to have these claims heard in arbitration, they would be standing with Postmates in trying to find a way to do so that is workable for all sides.

We remain open to a solution.  But we cannot agree to the one AAA proposed this week, which would offer no protection against the future assessment of $10+ million in immediately-payable fees irrespective of whether claimants intend to and actually do pursue arbitrations diligently.  Any solution will have to begin with (1) claimants' filing of Postmates Fleet Agreement-compliant, substantively individual arbitration demands; (2) a determination that California Civil Code § 1284.3 does not apply to claimants' demands because these are not "consumer arbitration[s]"; and (3) a payment procedure through which arbitrations are paid for as they are actually administered and conducted.  Postmates reiterates its request to suspend any ongoing proceedings pending litigation, and while such a system can be worked out.

Thank you very much for your attention to this matter.

Sincerely,
Theane


**Theane Evangelis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7726 • Fax +1 213.229.6726
TEvangelis@gibsondunn.com • www.gibsondunn.com

**From:** Joanne Saint-Louis, JD <SaintLouisJ@adr.org>
**Sent:** Monday, June 17, 2019 2:47 PM
**To:** 'ack@kellerlenkner.com' <ack@kellerlenkner.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** Individuals v. Postmates, Inc - Case 01-19-0001-2994

[External Email]
Dear Counsel,

This will acknowledge letters dated June 10, 2019 and June 11, 2019 from the parties on the above case. The AAA has also been notified by claimants' counsel that on June 3, 2019 a motion was filed to compel arbitration and a motion was also filed for partial summary judgement. In the June 10, 2019 letter from respondent's counsel there was a request to stay the pending matters pending the judicial proceedings filed by the claimants as well as a suggestion that due to the fees being due for over $11 million dollars that the AAA consider a payment plan for the respondent to pay for the process as the cases proceed through the administrative process.  Claimants' counsel has responded that the respondent should pay the fees outlined in the Employment/Workplace Fee Schedule and does not agree that respondent should have a payment plan, the claimants states they are ready to move forward on the cases.

The AAA has attempted to resolve the issues regarding the process for this large group of cases with mediation as well as options for the parties to agree to a payment process. The parties did participate in mediation with Al Feliu during the month of May which resulted in an impasse.

At this time, the AAA, absent party agreement on an alternate process to advance these arbitrations or an agreement to proceed with mediation on these matters, the AAA must proceed with administration in accordance with the Employment Workplace Fee Schedule.

The AAA does stress to counsel and to the parties that we would like to consider options so that the cases can move forward in accordance with the dispute resolution process outlined in the plan. One option is to have the company in a good faith effort pay the initial fee of $300.00 on each of the cases as parties further consider mediation or other process options or until a determination of the court action has been completed.

If there is not an agreement of the parties on the payment of these fees, the AAA must require that all fees be paid or the administration will be discontinued and the AAA cases will be closed.

Respectfully,

Joanne Saint-Louis,

&lt;image003.png&gt; **Joanne Saint-Louis, JD**
**Director of ADR Services**

American Arbitration Association
International Centre for Dispute Resolution
T: 401 431 4777 / 646 240 4623 Ext. 8920  F: 866 644
0234  E: SaintLouisJ@adr.org
150 East 42nd St, 17th Floor, New York, NY 10017            &lt;image004.jpg&gt;
adr.org  |  icdr.org  |  aaamediation.org

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.