# EXHIBIT P

**From:** Fogelman, James P. <JFogelman@gibsondunn.com>
**Sent:** Wednesday, December 11, 2019 4:32 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santos:

Suffice it to say that we disagree with the substance of Mr. Postman's email but note, importantly, what it does not contain.  There is no objection to the immediate commencement of the 50 arbitrations (subject to our client's reservation of rights).  There is no objection to the AAA providing the information that Postmates has requested from the AAA on numerous occasions, or to the AAA complying with its "limited" procedures, at Postmates' expense, in order to provide the requested information.  There is no disagreement as to a single one of the 715 people identified by Postmates as not having signed the Fleet Agreement and therefore having no agreement to arbitrate (and, of course, Postmates has never waived its rights in this regard).  There is no disagreement as to a single one of the 480 people identified by Postmates as not having ever completed a delivery on the Postmates platform, and therefore having no arbitrable claim to pursue.  There is no disagreement as to a single one of the 95 people identified as having already settled the very claims that Mr. Postman purports to want to bring again on their behalf.  The failure to disagree as to any of these people constitutes a stunning admission that the AAA should not invoice any fees for these claims and they should not be permitted to proceed even if, after the AAA provides the requested information, any other claims are permitted to proceed.  Worse still, Mr. Postman's email contains no explanation for why they wrongfully asserted that over 1,200 people had valid claims to pursue in the AAA.  If Mr. Postman believes that he has additional information that may answer these questions, or that Postmates might consider in evaluating whether one or more of the people identified in Postmates' correspondence was allegedly included by error, we invite Mr. Postman to provide such information forthwith.  Regards. JPF

**James P. Fogelman**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7234 • Fax +1 213.229.6234
JFogelman@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Wednesday, December 11, 2019 7:21 AM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>;

Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Ms. Santo,

The fact that Mr. Fogelman is new to this controversy does not mean that he can simply ignore the litigating position his client has taken, and the determinations of AAA and the *Adams* Court, over the last seven months. Claimants have made clear repeatedly that they would welcome AAA reopening and proceeding with any arbitrations for which Postmates has paid the required fees, but that will have no impact on the procedural status of the remaining arbitrations. After months of flouted deadlines, dilatory extensions, briefing on a motion to compel, and more missed deadlines, Postmates has no basis to ask AAA to reverse its decision to close Claimants' arbitrations simply because Postmates would like more time to consider its options regarding how those arbitrations might proceed.

As to the individuals Postmates claims have not worked for Postmates, Claimants have offered since May to meet and confer with Postmates on this issue. Based on our experience, substantially all of the people Postmates cannot find could likely be identified based on supplemental information we could provide. But Postmates made the tactical decision to refuse to confer on this issue and has now waived three times over any objection regarding the existence of a valid arbitration agreement with Claimants. Postmates failed to identify any individuals for whom it questioned the existence of an agreement to AAA the first time Claimants' demands were filed, including while Claimants had held their claims in abeyance pending mediation. Postmates failed to identify any such individuals to the Court in *Adams*. And Postmates did not raise the issue with AAA after Claimants re-filed their demands until after the arbitrations were administratively closed. But in all events, now that Postmates has refused to proceed with more than 50 arbitrations and AAA has administratively closed Claimants' cases, Exhibits B-D of Postmates's letter are not relevant to any open matter before AAA.

Sincerely,

**Warren D. Postman**
Partner
Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email