# EXHIBIT U

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Thursday, April 2, 2020 8:24 AM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

[External Email]
Ms. Florio,

Our understanding is that Postmates has failed to submit its share of the filing fees for the demands filed by Keller Lenkner on February 15, 2020.  The 100 individuals shown on the attached spreadsheet have advanced Postmates's share of the filing and administrative fees by wire.  The wire includes payment for (1) Postmates's $400 per-claimant initial filing fee, (2) Postmates's $1,750 per-claimant arbitrator selection fee, (3) each Claimant's $100 arbitrator selection fee; and (4) where applicable, the $200 per-claimant filing fee that Postmates is obligated to pay under the 2017 and 2018 versions of its arbitration agreement.  We ask that AAA assign these matters to arbitrators immediately so that we may seek an interim award for reimbursement of these fees and other remedies for Postmates's failure to comply with its arbitration agreement and AAA's Rules.  Because Postmates has not complied with AAA's deadline, we do not think it is necessary or appropriate to give Postmates the opportunity to review strike lists for these matters.  Postmates is in default of its obligations and should not be allowed to delay Claimants' ability to seek an interim award through a strike list process.  Instead, we ask that AAA immediately appoint arbitrators so that each of these matters may proceed without further delay.

Please let me know if AAA needs anything further before assigning these demands to arbitrators.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Friday, March 27, 2020 2:55 PM

EXHIBIT U
Page 188

**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>; AAA Cheryl Florio <CherylFlorio@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

Dear Counsel:

This will acknowledge receipt of Claimants' emails, dated March 26, 2020, and Respondent's emails, dated March 26, 2020 and March 27, 2020.

In order for a party to invoke rule R-1 of the Employment Arbitration Rules, all filing requirements must be met which includes payment of the filing fees by both parties. At this time, these filing requirements have not been met so administration of these cases has not commenced. Specifically, we have not yet received Respondent's share of the filing fees.

Please be reminded that these matters are subject to California Code of Civil Procedure 1281.97 and 1281.98. As such, payment must be received by April 15, 2020 or the AAA may close these cases. The AAA will not grant any extensions to this payment deadline.

We understand Claimants have offered to advance Respondent's share of the initial filing fees and will seek reimbursement from the arbitrator(s).

Sincerely,

Cheryl



**AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association



T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Friday, March 27, 2020 8:55 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

**\*\*\* External E-Mail – Use Caution \*\*\***

Cheryl,

First, Claimants do not dispute that Postmates has sought "judicial intervention with respect to a pending arbitration" "within 30 days after the AAA's commencement of administration," as those terms are defined in AAA's Employment Rules. Claimants rely entirely on AAA's finding in CenturyLink, but Claimants cite no Rule or legal principle that grants AAA discretion to arbitrarily ignore the plain language of its own Rules to the detriment of one of the parties. Nor do Claimants cite any Rule or legal principle that authorizes AAA's determinations in one case to be applied to 10,356 separate cases involving separate parties, separate counsel,

and separate claims. *See Wabakken v. Cal. Dep't of Corrs. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015) (issue decided in one case not binding in separate case involving different parties). On the contrary, Claimants' counsel has repeatedly told federal courts that it seeks truly individual arbitration and that it would not rely on the results in one arbitration to affect the results in any other arbitration. *See Adams v. Postmates Inc.*, No. 4:19-cv-03042-SBA, Dkt. 202 (N.D. Cal. June 24, 2019) ("Lest there be any doubt, each Petitioner hereby represents that he or she seeks relief in arbitration *only* for himself or herself, and expressly waives any argument that a decision in one Petitioner's individual arbitration would affect the legal rights of any other Postmates courier."); *McClenon v. Postmates Inc.*, 1:19-cv-06415 (N.D. Ill. Dec. 6, 2019) (same). If Claimants here also seek truly individual arbitration (as they must, for any other manner of arbitration is foreclosed by the parties' arbitration agreement), then they must also disavow any reliance on rulings in entirely separate cases involving none of the parties.

Second, Postmates complied with Rule 1 by initiating a judicial action within 30 days of the date AAA began administering these matters and notifying AAA and the parties that an action had been filed. Claimants do not even attempt to explain how requesting a stay on Thursday morning, as opposed to Wednesday night, has any practical difference whatsoever—especially where Postmates gave Claimants' counsel advance notice that it would be filing a lawsuit, and Claimants' counsel has indisputably sat on Claimants' claims for months if not years (for instance, thousands of Claimants last signed the 2017 or 2018 versions of the Fleet Agreement).

AAA should follow its own Rules and grant a mandatory 60-day stay.

Thank you,
DJ
**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Thursday, March 26, 2020 8:15 PM
**To:** Mathur, Shaun <SMathur@gibsondunn.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

[External Email]
Ms. Florio,

Postmates does not even attempt to address AAA's prior determination in the *CenturyLink* matter that, in order to seek a stay under Rule R-1(f), "all filing requirements, including payment of the filing fees from both parties, must be met." (Emphasis added). That is not surprising since AAA's determination (1) squarely forecloses Postmates's position and (2) is an eminently reasonable interpretation that lies within AAA's sound discretion to adopt, *see* Rule 48 (Prior to appointment of an arbitrator, "[a]ll other procedures shall be interpreted and applied by the AAA."). AAA's interpretation makes good sense, as a party should not be permitted to seek relief from AAA when it has failed to comply with AAA's administrative requirements to commence arbitration. And Postmates likewise has not attempted to explain why AAA should adopt an inconsistent reading of Employment Rule 1 and Consumer Rule R-1(f) when the relevant language is identical.

As to timing, Postmates does not try to argue that it complied with the terms of Rule 1. Instead, Postmates asserts only that its late notification to AAA did not cause Claimants prejudice. But cites no provision that authorizes AAA to disregard the plain text of its Rules because it concludes that exceeding its authority under the Rules would not cause prejudice. Moreover, Postmates does not attempt to offer good cause for missing the undisputed deadline to notify AAA under Rule 1. Postmates clearly planned in advance to use its court filing to seek a suspension of these arbitrations. And Postmates does not contend that it was unaware Rule 1 requires notice to AAA within 30 days after commencement, not 31. Postmates's failure to comply with the unambiguous deadline of Rule 1 is inexplicable, not based on good cause. Allowing Postmates to delay these arbitrations by 60 days based on an untimely request would not only ignore AAA's prior administrative determinations and exceed AAA's authority under Rule 1, but also would

3

cause clear injury to Claimants. Postmates's request should be denied.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
<u>202.749.8334</u> | <u>Website</u> | <u>Email</u>

---

**From:** Mathur, Shaun <<u>SMathur@gibsondunn.com</u>>
**Sent:** Thursday, March 26, 2020 10:12 PM
**To:** Warren Postman <<u>wdp@kellerlenkner.com</u>>; AAA Cheryl Florio <<u>CherylFlorio@adr.org</u>>; Ashley Keller <<u>ack@kellerlenkner.com</u>>; Sean Duddy <<u>skd@kellerlenkner.com</u>>; Travis Lenkner <<u>tdl@kellerlenkner.com</u>>; Marquel Reddish <<u>mpr@kellerlenkner.com</u>>; Brett Walker <<u>baw@kellerlenkner.com</u>>; Manthripragada, Dhananjay S. <<u>DManthripragada@gibsondunn.com</u>>; Fogelman, James P. <<u>JFogelman@gibsondunn.com</u>>; Evangelis, Theane <<u>TEvangelis@gibsondunn.com</u>>; Cochrane, Thomas <<u>TCochrane@gibsondunn.com</u>>; Maryott, Michele L. <<u>MMaryott@gibsondunn.com</u>>; McKenna, Madeleine <<u>MMcKenna@gibsondunn.com</u>>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

Cheryl,

AAA should stay further administration for 60 days while Postmates moves the federal court in *Postmates v. 10,356 Individuals*, No. 2:20-cv-02783-PSG (C.D. Cal.), to preliminarily and permanently enjoin these matters and SB 707. Claimants raise two arguments in response. Both are wrong.

<u>First</u>, nothing in the AAA Employment Rules requires Postmates to pay filing fees before seeking a mandatory stay under Rule 1. On the contrary, the plain language of the Rules state that an arbitration is initiated—and henceforth "pending"—once a claimant files an arbitration demand and pays <u>its</u> share of the filing fees.

AAA Employment Rule 4 states that an "arbitration shall be initiated" when "[t]he initiating party" (*i.e.*, the claimant): (1) "[f]ile[s] a written notice . . . of its intention to arbitrate" (*i.e.*, the claimant submits an arbitration demand), (2) "provide[s] a copy of the Demand to the other party," and (3) "[i]ncludes with its Demand the applicable filing fee." Accordingly, an arbitration is "pending" where, as here, a claimant pays "<u>its</u> . . . filing fee," not where the parties pay "<u>their</u> . . . filing fees."

Moreover, AAA has clearly commenced administration of these pending matters. In your February 24, 2020 email, you stated that AAA has:

- determined that each of the 10,356 purported demands have "been filed . . . in accordance with a contract containing a clause providing for administration by the AAA";
- conducted a "preliminary administrative review" and determined that "these disputes will be administered" according to AAA's Employment Rules;
- determined that "Claimants have met their filing fee requirements for the 7,620 Claimants subject to the 2019 Fleet Agreement";
- determined that "the remaining 2,736 Claimants [are] subject to the 2017 & 2018 Fleet Agreement"; and
- determined that "these matters are subject to California Code of Civil Procedure 1281.97 and 1281.98."

If AAA has not commenced administration of these matters after undertaking these efforts, then there is no rational or fair reason for AAA to assess any filing fees at the time of filing whatsoever. And because AAA has commenced administration of pending arbitrations, AAA would have to ignore its own rules to decline Postmates' request for a stay.

<u>Second</u>, Postmates timely and promptly provided AAA with documentation of its lawsuit and requested a stay in full compliance with Employment Rule 1. Claimants argue that a stay should be denied because Postmates notified AAA of the filing at 8:30 am PST today instead of yesterday. But even so, Claimants do not even attempt to identify any prejudice. Nor could they. Postmates informed Claimants' counsel on March 25 that it would be filing a complaint, and Postmates filed yesterday at 8:53 pm PST—after AAA's ordinary business hours. Thus, whether Postmates notified AAA last night or this morning, all the correspondence the parties are now having would have occurred today regardless. AAA's Due Process Protocol was designed to "ensure fairness and equity," both of which weigh in favor of granting Postmates' stay request.

4

Finally, although immaterial to Postmates' stay request, Claimants contend that Postmates' underlying motion to stay the arbitrations is frivolous.  Not so.  Postmates has appealed the district court's ruling in *Adams*, and the Ninth Circuit will interpret the arbitration agreement's delegation clause *de novo*—meaning, the district court's interpretation has no bearing on the outcome of Postmates' recently filed lawsuit—which also argues that SB 707 (which AAA invoked in its February 24, 2020 email) is preempted by the FAA and violates the United States and California constitutions.

For all these reasons, AAA should stay further administration of these matters as AAA Employment Rule 1 requires.

Thanks,
Shaun

**Shaun Mathur**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3998 • Fax +1 949.475.4698
SMathur@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Thursday, March 26, 2020 1:09 PM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

[External Email]
Ms. Florio,

For two independently dispositive reasons, Rule 1 of the AAA Employment Rules does not authorize Postmates to suspend these arbitrations. For ease of reference, the relevant text of the Rule is as follows:

> If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court

First, under Rule 1, a party may seek a stay only of a "pending arbitration," and only after the "commencement of administration." These predicates do not occur unless and until both sides submit their initial filing fee. Accordingly, where parties have sought a stay under Consumer Rule 1-f, AAA has ruled as follows:

> In order for a party to invoke rule R-1(f) of the Consumer Arbitration Rules, all filing requirements, including payment of the filing fees from both parties, must be met. At this time, these filing requirements have not been met so administration of these cases has not commenced.

*See* January 9 Letter from Adam Shoneck. This determination by AAA was described in, and attached as an exhibit to, a public filing in *In re: CenturyLink Sales Practices & Sec. Litig.*, No. 0:17-md-02795 (D. Minn. Jan. 10, 2020) (Exhibit X to Dkt. 512). In fact, Postmates's cites another declaration from the same *CenturyLink* filing in the very complaint that it claims justifies a stay. *See* Complaint at 14, n.3 (citing *In re CenturyLink*, Dkt. 510).

Because the relevant text of Consumer Rule R-1(f) is identical to the text of Employment Rule 1, AAA should apply a consistent standard here. Under that standard, Postmates cannot seek a stay because it has not submitted its filing fees, which means "administration of these cases has not commenced."

Second, even if administration had commenced on February 24, 2020 as Postmates incorrectly claims, Rule 1 still would not be satisfied because Postmates did not provide AAA with documentation of its judicial intervention by the required deadline. If administration had commenced on February 24, Postmates would have been required to "seek[] judicial intervention with respect

5

to a pending arbitration <u>and</u> provide[] the AAA with documentation that judicial intervention ha[d] been sought" within 30 days after February 24, 2020. (Emphasis added). Under the plain text of the rule, Postmates cannot seek judicial intervention within 30 days of commencement and then wait longer than 30 days to provide documentation to AAA.  That makes perfect sense; otherwise, a party could seek judicial intervention on day 30, wait 30 more days to notify AAA, and then delay the arbitrations another 60 days from there. If Postmates wanted to seek a stay from AAA on the (incorrect) theory that administration was commenced on February 24, it needed to provide documentation of its court action to AAA by March <u>25</u>, not March 26.

It is particularly appropriate that AAA deny Postmates's request for a stay here because, in addition to ignoring the plain requirements of Rule 1, Postmates's request reflects a cynical attempt to delay Claimants' arbitrations even though the underlying attempt to stay the arbitrations is frivolous. The federal court in *Adams v. Postmates*, No.  19-cv-3042-SBA (N.D. Cal.), has already held that, under the broad delegation clause in Postmates's arbitration agreement, the sort of arguments presented in the complaint Postmates filed yesterday must be submitted to arbitration and cannot be resolved in Court. *See* Order Denying Postmates' Motion To Stay Pending Appeal, *Adams*, Dkt. No. 270 at 6–7 ("The Fleet Agreement unequivocally delegates to the arbitrator the exclusive authority to determine compliance with the Mutual Arbitration Provision, including any dispute concerning the arbitrability of a claim."). Postmates has no chance of success on its underlying motion for a stay; it is simply attempting to add 60 more days of delay to the date on which Claimants can proceed with their claims.

Before this latest delay tactic by Postmates, we had been preparing to advance Postmates's unpaid filing fees on behalf of Claimants and then seek interim awards from arbitrators requiring Postmates to reimburse those fees. We would accordingly appreciate AAA's prompt resolution of Postmates's request for a stay so we can move forward with that approach. For the reasons stated above, we respectfully submit that Postmates's request must be denied.

Sincerely,

**Warren D. Postman**
Partner

 Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
<u>202.749.8334</u> | <u>Website</u> | <u>Email</u>

---

**From:** AAA Cheryl Florio <<u>CherylFlorio@adr.org</u>>
**Sent:** Thursday, March 26, 2020 12:59 PM
**To:** Mathur, Shaun <<u>SMathur@gibsondunn.com</u>>; Warren Postman <<u>wdp@kellerlenkner.com</u>>; Ashley Keller <<u>ack@kellerlenkner.com</u>>; Sean Duddy <<u>skd@kellerlenkner.com</u>>; Travis Lenkner <<u>tdl@kellerlenkner.com</u>>; Marquel Reddish <<u>mpr@kellerlenkner.com</u>>; Brett Walker <<u>baw@kellerlenkner.com</u>>; Tom Kayes <<u>tk@kellerlenkner.com</u>>; Manthripragada, Dhananjay S. <<u>DManthripragada@gibsondunn.com</u>>; Fogelman, James P. <<u>JFogelman@gibsondunn.com</u>>; Evangelis, Theane <<u>TEvangelis@gibsondunn.com</u>>; Cochrane, Thomas <<u>TCochrane@gibsondunn.com</u>>; Maryott, Michele L. <<u>MMaryott@gibsondunn.com</u>>; McKenna, Madeleine <<u>MMcKenna@gibsondunn.com</u>>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

Good afternoon Counsel:

At this time we request the comments of Claimant with respect to Postmates below email and attachments. Said comments are to be received by the AAA on or before April 1, 2020.

Sincerely,

 **AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4887  F: 866 644 0234  E: <u>CherylFlorio@adr.org</u>
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
<u>adr.org</u> | <u>icdr.org</u> | <u>aaamediation.org</u>

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

EXHIBIT U
Page 193

**From:** Mathur, Shaun <SMathur@gibsondunn.com>
**Sent:** Thursday, March 26, 2020 11:30 AM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; Warren Postman <wdp@kellerlenkner.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Tom Kayes <tk@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

**\*\*\* External E-Mail – Use Caution \*\*\***

Cheryl,

Postmates writes to inform AAA that Postmates has sought judicial intervention with respect to the 10,356 purported arbitration demands, and to request that AAA suspend administration of these matters for 60-days while Postmates seeks a stay of arbitration in court.

In AAA's February 24, 2020 email, you stated that "these disputes will be administered in accordance with the [AAA's] Employment Arbitration Rules."

Employment Rule 1 states that "[i]f, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court."

Postmates initiated a judicial proceeding concerning these matters on March 25, 2020—30 days after AAA commenced administration of these matters on February 24, 2020.  A copy of Postmates' complaint against the 10,356 claimants is attached. Accordingly, the plain language of Employment Rule 1 requires AAA to "suspend administration for 60 days" so that Postmates may seek a stay of arbitration from the court.

Please confirm that administration of these matters will be suspended for 60 days, and that the date by which AAA will close these matters if payment is not received is similarly suspended while Postmates seeks relief in court.

Thanks,
Shaun

**Shaun Mathur**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3998 • Fax +1 949.475.4698
SMathur@gibsondunn.com • www.gibsondunn.com

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Monday, February 24, 2020 1:06 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Tom Kayes <tk@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Subject:** 10,356 Individuals v. Postmates, Inc.

[External Email]
    Dear Counsel,

EXHIBIT U
Page 194

This confirms AAA's receipt on February 15, 2020 of ten thousand three hundred and fifty-six (10,356) individual demands for arbitration involving the above referenced parties, each of which has been filed with us in accordance with a contract containing a clause providing for administration by the AAA.

The outcome of our preliminary administrative review, which is subject to review by the arbitrators, is that these disputes will be administered in accordance with the American Arbitration Association ("AAA") Employment Arbitration Rules amended and in effect November 1, 2009, and the Employment/Workplace Fee Schedule amended and in effect November 1, 2019, both of which can be found on our website, www.adr.org. Pursuant to the applicable fee schedule, these cases will be administered in accordance with the "Administrative Group Filing Fees" section of the schedule.

Claimants have met their filing fee requirements for the 7,620 Claimants subject to the 2019 Fleet Agreement. Accordingly, we request that the company pay its share of the fees in the amount of $3,048,000.00.

For the remaining 2,736 Claimants subject to the 2017 & 2018 Fleet Agreement, in which the arbitration agreement states Postmates will pay all fees, we request that the company pay fees in the amount of $1,641,600.00

Respondent's portion of filing fees is due on or before March 16, 2020. Respondent's invoice will follow under separate cover. **Please note that these matters are subject to California Code of Civil Procedure 1281.97 and 1281.98. As such, payment must be received by April 15, 2020 or the AAA may close the parties' cases.  The AAA will not grant any extensions to this payment deadline.**

Payment may be submitted via check, money order, credit card, or wire transfer. Money orders and checks should be made payable to the American Arbitration Association and mailed to American Arbitration Association, 13727 Noel Road, Suite 700, Dallas, TX 75340. When submitting payment, please include a copy of your invoice to ensure that payment is properly applied. To pay online by credit card, please contact the undersigned directly and request an AAA Paylink.

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require the arbitrators' compensation deposits in advance of any hearings. Unless the individuals, post-dispute choose to pay a portion of the arbitrators' compensation, the company shall pay such compensation in total.

Please note: no answering statements or counterclaims are due at this time. The AAA will notify the parties of the response deadlines when initial filing fees have been received.

If you have any questions, please email the undersigned and we will be happy to assist you.

Thank you,



**AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you

in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.