## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2783 PSG (JEMx) | Date | April 20, 2020 |
|---|---|---|---|
| Title | Postmates Inc. v. 10,356 Individuals | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **Order to show cause re: improper joinder and discretionary dismissal**

Before the Court is a First Amended Complaint ("FAC") filed by Plaintiff Postmates Inc. ("Plaintiff") against Defendants, 10,356 Individuals ("Defendants"). *See First Amended Complaint*, Dkt. # 7 ("*FAC*"). After reviewing the complaint, the Court is not convinced that joinder is proper, and requests further briefing on whether it should entertain this action for declaratory relief.

Defendants are 10,356 individuals "who allege that they executed the Fleet Agreement, that their claims fall within the scope of the Mutual Arbitration Provision, and that they used Postmates' platform to identify delivery opportunities and make deliveries in California." *See id.* ¶ 19. The names of these Individuals are listed in an exhibit attached to the complaint. *See id.*, Ex. A. Plaintiff asserts that Defendants' firm, Keller Lenkner, filed 10,356 individual arbitration demands on behalf of each Defendant, and argues that some did not accept the Fleet Agreement or make deliveries using Postmates' platform. *See id.* ¶¶ 8, 61–62; *see also Declaration of Theane Evangelis*, Dkt. # 17-4 ("*Evangelis Decl.*"), ¶ 46. Each Defendant's arbitration demand alleges various worker misclassification claims and violations of California wage and hour laws, and "some" of the demands include claims under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207. *See FAC* ¶¶ 64–65; *Evangelis Decl.* ¶ 46. Plaintiff seeks declaratory and injunctive relief against Defendants that Postmates "cannot be compelled to arbitration" by Defendants, and that California Senate Bill 707 is unconstitutional and preempted. *See FAC* ¶¶ 77–114.

Though Plaintiff joins 10,356 Individuals in this action, the FAC does not contain a statement asserting that they are properly joined pursuant to Federal Rule of Civil Procedure 20. For multiple defendants to be properly joined in one action under Rule 20, a plaintiff must demonstrate "any right to relief is asserted against them jointly, severally, or in the alternative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2783 PSG (JEMx) | Date | April 20, 2020 |
|---|---|---|---|
| Title | Postmates Inc. v. 10,356 Individuals | | |

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and a question of law or fact common to all of them will arise in the action.  The claims against each defendant must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," which some courts have compared to the "logical relationship" test of Rule 13(a) for compulsory counterclaims.  *See In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Where the actions of the defendants are factually divergent and independent, the permissive joinder standard may not by satisfied.  *See, e.g.*, *Saval v. BL Ltd.*, 710 F.2d 1027, 1031–32 (4th Cir. 1983) (suit for breach of warranty against automobile dealer brought by multiple plaintiffs did not arise out of same transaction since cars were purchased at different times and had different service histories); *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998–99 (D.C. Cir. 2014) ("Simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.") (internal quotes omitted).  If the Court determines that parties are misjoined, the Court may, at any time, add or drop a party, or sever any claim against a party.  Fed. R. Civ. P. 21.  Where defendants have been misjoined, the Court may generally dismiss without prejudice all but the first named defendant.  *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Townsend v. Nat'l Arbitration Forum*, No. CV 09-9325-VBK (RNBx), 2012 WL 12736, at *11 (C.D. Cal. Jan. 4, 2012) (citing to *Coughlin* for the proposition that the court may dismiss without prejudice all but the first named defendant if the test for permissive joinder of defendants is not satisfied).

Here, while Plaintiff asserts that each Defendant brought an arbitration demand against Plaintiff alleging similar wage and hour violations, Plaintiff has not identified a common factual nucleus or common series of transactions to justify joining these Defendants in this single action, who appear to have independent claims.[1]

Second, under the Declaratory Judgment Act, which Plaintiff invokes in its request for a declaratory judgment, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party

---

[1] Postmates complains that, in response to the recent wave of U.S. Supreme Court decisions (prompted by the employer-side bar) affirming the enforceability of class action waivers, and thus, in combination with Postmates' contract, preventing Postmates' employees from proceeding by class action in court and in arbitration, claimants' lawyers are "attempting to use arbitration agreements to coerce settlements" by filing too many individual arbitration demands. *See FAC* ¶ 40.  Now, *Postmates* is seeking to obtain an injunction and declaration from this Court, binding on 10,356 individual claimants in a single proceeding, preventing them from proceeding to arbitration.  The irony is not lost on this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2783 PSG (JEMx) | Date | April 20, 2020 |
|---|---|---|---|
| Title | Postmates Inc. v. 10,356 Individuals | | |

seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). To bring a claim for declaratory relief in this Court, Plaintiff must therefore demonstrate that there is in fact an actual case or controversy sufficient to satisfy Article III, and that the claim arises under federal law. *See Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 19 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question."). Such a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," be "real and substantial," and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937)).

The Act does not grant litigants an absolute right to a legal determination. *See United States v. Washington*, 759 F.2d 1353, 1356 (9th Cir. 1985). Rather, the decision to grant declaratory relief rests within a district court's discretion. *Id.* In the Ninth Circuit, courts, when considering whether to exercise jurisdiction, must evaluate if the action would: "(1) involve the needless determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust res judicata advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011).

The Court would like further briefing as to whether it should decline to entertain this suit for declaratory relief. *See, e.g.*, *Varcak v. Envoy Mortg. LTD.*, No. 3:19-CV-00954-AC, 2019 WL 6887192, at *7 (D. Or. Nov. 22, 2019) (declining to exercise jurisdiction over declaratory judgment action in part because "the court cannot determine issues that the parties have contracted to have an arbitrator decide").

Accordingly, Plaintiff is **ORDERED** to show cause in writing by **May 8, 2020**, as to the issues raised in this order. The response should not be more than ten pages in length. Defendants may also file a response by that date of no longer than ten pages.

**IT IS SO ORDERED**.