Aaron Zigler (#327318)
  amz@kellerlenkner.com
Ashley Keller (*pro hac vice*)
  ack@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POSTMATES INC., | ) |
| | ) Case No: 2:20-cv-02783-PSG |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) **DEFENDANTS' RESPONSE TO** |
| | ) **ORDER TO SHOW CAUSE** |
| 10,356 INDIVIDUALS, | ) |
| | ) **Judge:**  Hon. Philip S. Gutierrez |
| *Defendants*. | ) |
| | ) |
| | ) |

## INTRODUCTION

Postmates filed this action seeking a declaration that it was not required to pay the filing fees it owes for Defendants' arbitrations to proceed. Six weeks after filing its complaint, Postmates sought a temporary restraining order asking this Court to suspend the April 15, 2020 deadline it faced to pay those fees to the American Arbitration Association ("AAA"). The Court denied Postmates's application, and Postmates refused to comply with its deadline anyway. AAA then closed Defendants' arbitrations due to Postmates's non-payment.

Because Postmates failed to comply with its fee deadline, Defendants may now move to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and seek penalties under California Code of Civil Procedure § 1281.97 ("SB 707"). But until that happens, Postmates will not suffer any injury. AAA will not administer arbitrations unless it is paid. Thus, Postmates will not face arbitration costs—indeed, it will not face arbitration at all—unless and until it chooses to pay its fees belatedly or Defendants win on yet-to-be-filed legal claims.

In other words, Postmates apparently never intended to pay any filing fees to AAA. Therefore, it did not need a declaration from this Court in order to avoid any injury that would have arisen on or before April 15, 2020. Instead, Postmates anticipated that Defendants might file claims against it <u>after</u> April 15, 2020, and it asked this Court to adjudicate those claims preemptively, before they were ever filed. But Article III courts adjudicate only ripe controversies, and judicial resources are valuable and limited. Accordingly, this Court would be well within its discretion to dismiss Postmates's suit as it stands now.

However, many Defendants plan to file a cross-petition and motion to compel arbitration against Postmates. Counsel are drafting those pleadings and plan to file them in this action in the next two weeks. Defendants' motion to compel arbitration will present ripe disputes between the parties and claims under the FAA (as opposed

to the Declaratory Judgment Act), and Postmates will presumably raise as defenses the arguments it prematurely sought to litigate when it filed its lawsuit. Thus, while this Court has discretion under the Declaratory Judgment Act to reject Postmates's gamesmanship and dismiss its complaint, Defendants respectfully submit that the Court should retain the action in light of their forthcoming cross-petition and motion.

### I.   This Court Should Hear This Action.

Defendants' motion to compel arbitration will provide a mechanism for this Court to resolve the parties' disputes in full. In light of that motion, this Court should retain this action.

The Declaratory Judgment Act dictates that a court "<u>may</u> declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). When determining whether to grant declaratory relief, courts consider a non-exhaustive list of factors, including whether the questions raised by the action:

> (1) involve the needless determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust res judicata advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed on the merits before staying or dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Here, Postmates filed the type of premature declaratory judgment action that courts "'should generally decline to entertain.'" *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 976 (9th Cir. 2011) (quoting *Gov't Emps. Ins. Co. v. Dizol*,

133 F.3d 1220, 1225 (9th Cir. 1998)). Postmates anticipated that Defendants would file a motion to compel that would provide the basis for resolving the parties' disputes. *See* Postmates's Am. Compl. ¶ 85 (arguing that the parties have a live controversy because Defendants' counsel has previously "petitioned for orders compelling Postmates to arbitrate with its clients on a de facto class basis"), Dkt. 7; Postmates's Reply Supp. TRO at 2 (arguing that this Court has jurisdiction because "Defendants could have filed a petition to compel arbitration against Postmates in federal court"), Dkt. 28. Yet instead of waiting for such a motion, Postmates asked this Court to adjudicate whether its contract forbids hypothetical arbitrations that would have no chance of occurring absent a future motion to compel by Defendants and a future court order—and likewise, whether Postmates should be subject to hypothetical sanctions that cannot be imposed without the same future motion to compel.

Courts consistently decline to entertain such "defensive maneuvering or procedural fencing." *R.R. Street* at 976 (internal quotation marks omitted); *see, e.g.*, *Nationstar Mortg., LLC v. Truman Capital Advisors, LP*, No. SACV 13-1114-JLS (ANx), 2013 WL 12203866, at *3–5 (C.D. Cal. Oct. 30, 2013) (declining to exercise jurisdiction over a declaratory judgment action when the nominal plaintiff "'raced' to this [c]ourt to file its Complaint before [the nominal defendant] filed its proposed complaint, seeking a tactical advantage by preventing the suit from being heard in New York").

But Defendants' forthcoming petition and motion to compel will allow this court to "resolve all aspects of the controversy in a single proceeding." *Allstate*, 634 F.3d at 1107. Defendants will seek an order compelling Postmates to comply with AAA's administrative determinations. Postmates then will be free to raise as a defense its meritless argument that Defendants seek "de facto class arbitration." Defendants also will seek sanctions under SB 707, in response to which Postmates can argue that SB 707 is preempted by the FAA and is unconstitutional.

Accordingly, this action will involve claims under the FAA and include a request for injunctive relief (rather than merely seeking a declaration under the Declaratory Judgment Act), and will resolve the parties' disputes. Thus, while the Court could dismiss this action as it currently stands, the Court should exercise its discretion to retain this action pending Defendants' filing. *Cf. R.R. Street*, 656 F.3d at 976 ("[I]f the same action contains claims for both monetary and declaratory relief, 'the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.'" (quoting *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998))); *Allstate*, 634 F.3d at 1108 (holding that the district court did not abuse its discretion by entertaining a declaratory judgment action where the nominal defendant "never initiated his own action against [the nominal plaintiff] that would risk duplicative litigation of" the issues); *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1111 (N.D. Cal. 2014) (declining to dismiss declaratory judgment action when the case involved issues "independent of any request for declaratory relief").

## II.   Joinder Will Be Appropriate Once Defendants Move to Compel.

Federal Rule of Civil Procedure 20 provides that individuals may join in one action as plaintiffs if (1) they assert a right to relief (either "jointly" or "severally") with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20(a)(1). Once Defendants file a cross-petition and motion to compel arbitration in this action, they will be properly joined as cross-plaintiffs because their motion to compel will seek relief that satisfies the above standard: They will be seeking relief severally (i.e., an order compelling Postmates to arbitrate individually with each individual movant) that arises out of the same "series of transactions or occurrences," because Postmates refused in precisely the same way, at the same time, and on the same grounds, to submit filing fees to proceed with each movant's arbitration. And the motion to compel will

.
.

present numerous common questions of law and fact with regard to Postmates's conduct. For this reason, the Defendants who file a cross-petition and motion to compel arbitration may remain joined as "plaintiffs" in this action.[1]

## CONCLUSION

For the foregoing reasons, this Court should exercise discretion to retain this action.

Dated: May 8, 2020

Respectfully submitted,

/s/ Aaron Zigler
Aaron Zigler (#327318)
  amz@kellerlenkner.com
Ashley Keller (*pro hac vice*)
  ack@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Defendants*

---

[1] Defendants submit that those individual Defendants who fail to join in the cross-petition to compel arbitration should be dismissed for misjoinder.