Aaron Zigler (#327318)
  amz@kellerlenkner.com
Ashley Keller (*pro hac vice*)
  ack@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1999 Avenue of the Stars
Suite 1100
Los Angeles, California 90067
(213) 863-4276

*Attorneys for Defendants/Cross-Petitioners*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTMATES INC., | Case No: 2:20-cv-02783-PSG |
| *Plaintiff,* | **CROSS-PETITION TO COMPEL ARBITRATION** |
| vs. | |
| 10,356 INDIVIDUALS, | |
| *Defendants.* | |
| GREENWOOD, et al., | |
| *Cross-Petitioners,* | |
| vs. | |
| POSTMATES INC., | |
| *Cross-Respondent.* | |

Cross-Petitioners ("Petitioners") file this Petition for Order Compelling Arbitration against Respondent Postmates Inc. ("Postmates") as follows:

### NATURE OF THE PETITION

1.     Petitioners are 5,290 Postmates couriers who are attempting to arbitrate individual claims against Postmates for misclassifying them as independent contractors instead of employees.[1]  Petitioners contend that in misclassifying them, Postmates has violated California state laws and various local ordinances providing for minimum wage, overtime, and other employment related protections.  Many of them also assert claims under the Fair Labor Standards Act (29 U.S.C. §§ 206, 207).

2.     Each Petitioner is party to an agreement with Postmates—the "Fleet Agreement"—that contains a sweeping arbitration requirement.  The agreement requires the parties to arbitrate any dispute regarding a courier's classification as an independent contractor.  The arbitration agreement also states that the parties waive their right to participate in a class action.  The provision requires that arbitration be administered by the American Arbitration Association ("AAA") under AAA's Commercial Rules.  It also requires Postmates to pay some (if not all) of the fees and costs necessary to commence arbitration.[2]

---

[1] Postmates filed suit against 10,356 Postmates couriers ("Defendants") who filed demands for arbitration against Postmates on February 15, 2020.  Of those Defendants, 4,933 are Petitioners. In addition to the 4,933 Petitioners who filed demands for arbitration in February 2020, 357 Petitioners are new parties who filed demands for arbitration against Postmates on September 24, 2019.

[2] Postmates has made minor revisions to its agreement with its couriers over the years, but the key arbitration provisions have remained substantially the same. The only relevant difference between the agreements is that older versions required Postmates to pay all the AAA filings fees, *see* Ex. B, 2017 Fleet Agreement § 10B.vi(2) (effective March 1, 2017) & Ex. C, 2018 Fleet Agreement § 11B.vi(2) (effective May 11, 2018), whereas Fleet Agreement versions after April 3, 2019 attempt to shift onto Petitioners half of the AAA filing fee, Ex. D, April 2019 Fleet Agreement § 10B.vi(2) (effective April 3, 2019) & Ex. E, May 2019 Fleet Agreement § 10B.vi(2) (effective May 11, 2019).  Exhibit A to this Petition lists the contract applicable to each Petitioner's claims.  Where there is no material difference between versions of the Fleet Agreement, this Petition cites the May 2019 Fleet Agreement.

3.  AAA's Commercial Rules, in turn require that each party pay filing fees before AAA will empanel an arbitrator and proceed with the parties' arbitration.

4.  On September 24, 2019, in accordance with the parties' agreement, 357 Petitioners served an individual demand for arbitration on Postmates and AAA.  Each Petitioner promptly satisfied her filing fee obligation, to the extent she had one.

5.  On February 15, 2020, in accordance with the parties' agreement, the remaining 4,933 Petitioners served an individual demand for arbitration on Postmates and AAA.  Each Petitioner promptly satisfied her filing fee obligation, to the extent she had one.

6.  AAA determined that each Petitioner's demand for arbitration met the requirements under AAA's rules to proceed with arbitration.

7.  Under the applicable AAA fee schedule, AAA imposed a deadline of October  21, 2019 (later extended to November 6, 2019) for Postmates to pay its share of the filing fees necessary to empanel an arbitrator and commence the first set of arbitrations, and March 16, 2020 for the second set.

8.  Postmates refused to comply with AAA's deadlines.  It did not pay the filing fees necessary for a single Petitioner to proceed with arbitration.

9.  On November 8, 2019, AAA administratively closed the first set of Petitioners' arbitrations due to Postmates's refusal to satisfy its filing fee obligations.  On April 20, 2020, AAA did the same for the second set.

10.  Petitioners have filed this Petition to require Postmates to abide by the arbitration agreement it drafted.

## PARTIES

11.  Petitioners are Couriers who have made deliveries for Postmates in California.  Details for each Petitioner are listed on Exhibit A.  In addition to each Petitioner's name, city, and state, Exhibit A lists the applicable arbitration agreement for each Petitioner and the date that Petitioner filed her demand for arbitration.

12.  Respondent Postmates is a Delaware corporation headquartered at 201

Third Street, Suite 200, San Francisco, California 94103.

**JURISDICTION AND VENUE**

13.     This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under federal law.

14.     This Court has personal jurisdiction over Postmates because Postmates has its headquarters and principal place of business in California.

15.     Venue is proper in this district pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because Postmates conducts business in this district, and many of the acts and omissions complained of occurred in this district.

**BACKGROUND**

16.     Postmates is an on-demand delivery service through which customers may order food and other items from participating merchants for delivery.  Postmates pays couriers to make those deliveries.

17.     Petitioners are Postmates couriers whom Postmates has misclassified as independent contractors rather than employees, in violation of federal, state, and local law.

18.     Postmates executes an agreement with its couriers—the "Fleet Agreement"—requiring that all parties to the agreement arbitrate any claim arising from the agreement in accordance with AAA's procedures and rules.  May 2019 Fleet Agreement § 10.  The agreement further requires that arbitrations be conducted individually; it does not permit any class or consolidated proceedings.  *Id*.

19.     Under the Commercial Rules, "[t]he arbitrator shall interpret and apply the[] rules insofar as they relate to the arbitrator's powers and duties."  Commercial Rule 8, available at https://kl.link/2yspRMx.  Where no arbitrator is yet available, or where a rule does not involve the "arbitrator's powers and duties," the rules "shall be interpreted and applied by the AAA."  *Id*.

20.     Commercial Rule 56 authorizes AAA to "require the parties to deposit

3

in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee."

21.     The Commercial Rules also state that AAA's Employment/Workplace Fee Schedule applies where, as here, workers bring claims asserting they were misclassified as independent contractors.  *Id.* at 2 n.*.  And the Employment Fee Schedule states that "[t]he employer or company's share of filing fees is due as soon as the employee or individual meets his or her filing requirements."  Employment Fee Schedule at 2, available at https://kl.link/2RI81eu.

22.     Postmates has enforced this broad arbitration agreement to preclude couriers from filing misclassification claims against it in court.  *See, e.g.*, *Lee v. Postmates Inc.*, No. 18-cv-3421, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018) (granting Postmates's motion to compel a courier's misclassification claim to arbitration, given that the courier "validly consented to the Fleet Agreement and its arbitration provision").

23.     On September 24, 2019, in accordance with the parties' agreement, counsel for Petitioners served an individual demand for arbitration on Postmates and AAA on behalf of 357 Petitioners.  Each Petitioner promptly satisfied her filing fee obligation, to the extent she had one.

24.     On February 15, 2020, in accordance with the parties' agreement, counsel for Petitioners served an individual demand for arbitration on Postmates and AAA on behalf of 4,933 Petitioners.  Each Petitioner promptly satisfied her filing fee obligation, to the extent she had one.

25.     AAA then determined that each Petitioner's arbitration demand satisfied AAA's filing requirements.

26.     Under the applicable AAA fee schedule, AAA imposed a deadline of October 21, 2019 (later extended to November 6, 2019) for Postmates to pay its share of the filing fees necessary to empanel an arbitrator and commence the first set of arbitrations, and March 16, 2020 for the second set.

27.     Postmates refused to comply with AAA's deadlines.  It did not pay the filing fees necessary for a single Petitioner to proceed with arbitration.

28.     On November 8, 2019, AAA administratively closed the first set of Petitioners' arbitrations due to Postmates's refusal to satisfy its filing fee obligations. On April 20, 2020, AAA did the same for the second set.

29.     Postmates has breached the Fleet Agreement because it has refused to comply with AAA's administrative determinations regarding the filing fees it must pay under the agreement—fees that AAA requires before it will empanel arbitrators and begin Petitioners' arbitrations.

30.     Until Postmates complies with AAA's administrative determinations, Petitioners' arbitrations cannot commence.

31.     Accordingly, this Court should compel Postmates to individually arbitrate each Petitioner's misclassification claims, under 9 U.S.C. § 4 and Cal. Code Civ. P. § 1281.97.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully request that this Court:

32.     Enter an Order requiring that Postmates arbitrate each Petitioner's claims under the applicable AAA agreement, including by paying the arbitration fees and costs that AAA determines are necessary to empanel arbitrators and proceed with arbitrations.

33.     For those Petitioners who filed their demands for arbitration on February 15, 2020, enter an Order, under California Senate Bill 707, codified at Cal. Code Civ. P. § 1281.97, requiring Postmates to pay Petitioners' costs and reasonable attorneys' fees in arbitration.

CROSS-PETITION FOR ORDER COMPELLING ARBITRATION
CASE NO. 2:20-cv-02783-PSG

1
2

Dated: May 22, 2020

Respectfully submitted,

/s/ Warren Postman

3

Keith A. Custis (#218818)
    kcustis@custislawpc.com
CUSTIS LAW, P.C.
1999 Avenue of the Stars
Suite 1100
Los Angeles, California 90067
(213) 863-4276

Warren Postman (*pro hac vice*)
    wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

4
5
6
7
8

Aaron Zigler (#327318)
    amz@kellerlenkner.com
Ashley Keller (*pro hac vice*)
    ack@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

9
10
11
12
13
14

*Attorneys for Defendants/Cross-Petitioners*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

CROSS-PETITION FOR ORDER COMPELLING ARBITRATION
CASE NO. 2:20-cv-02783-PSG