Aaron Zigler (#327318)
  amz@kellerlenkner.com
Ashley Keller (*pro hac vice*)
  ack@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1999 Avenue of the Stars
Suite 1100
Los Angeles, California 90067
(213) 863-4276

*Attorneys for Defendants/Cross-Petitioners*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTMATES INC., <br><br> *Plaintiff*, <br><br> vs. <br><br> 10,356 INDIVIDUALS, <br><br> *Defendants*. <br><br> ──────────────── <br><br> GREENWOOD, et al., <br><br> *Cross-Petitioners*, <br><br> vs. <br><br> POSTMATES INC., <br><br> *Cross-Respondent*. | Case No: 2:20-cv-02783-PSG <br><br> **DECLARATION OF MARQUEL REDDISH IN SUPPORT OF CROSS-PETITIONERS' MOTION TO COMPEL ARBITRATION** <br><br> **Judge:** Hon. Philip S. Gutierrez <br> **Date:** July 20, 2020 <br> **Time:** 1:30 p.m. |

I, Marquel Reddish, declare based on personal knowledge as follows:

1. I am an Associate at Keller Lenkner LLC, counsel for Cross-Petitioners ("Petitioners") in this matter.

2. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify competently thereto.

3. This declaration is submitted in support of Cross-Petitioners' Motion to Compel Arbitration.

4. Based on representations Postmates has repeatedly made to courts, Postmates requires every courier to sign an agreement (called the "Fleet Agreement") containing an arbitration provision, before that courier may begin making deliveries for Postmates. The Fleet Agreement is transmitted through "clickwrap" on the Postmates app. A courier must accept the Fleet Agreement before the courier can be assigned deliveries on the app.

5. Because Postmates requires its couriers to accept the Fleet Agreement through "clickwrap," it is my understanding that Postmates does not obtain or create a unique Fleet Agreement for each courier. Instead, Postmates tracks data showing the date and time the courier accepted a particular version of the agreement.

6. Because each courier must sign the Fleet Agreement, establishing that an individual is a courier establishes that they have a right to arbitrate.

7. Couriers can opt out of the arbitration provision in the Fleet Agreement and avoid arbitration completely by submitting an opt-out form within 30 days of the date they signed up to be a Postmates courier. But based my experience representing thousands of Postmates couriers, virtually no courier validly opts out of arbitration, which means nearly 100% of the time, if an individual is a Postmates courier she also has an agreement to arbitrate with Postmates.

8. It is also my understanding based on representations Postmates has repeatedly made to courts that, when Postmates makes updates to its Fleet Agreement, it requires couriers to sign the new agreement through "clickwrap"

1  before the courier can make any future deliveries for Postmates.  The governing Fleet Agreement therefore is the one in place on the date of the couriers' most recent delivery for Postmates.

9.  Each Petitioner has signed a declaration confirming (i) the email address the Petitioner used to register with Postmates; (ii) the approximate date that the Petitioner most recently made a delivery for Postmates; (iii) the Petitioner engaged Keller Lenkner LLC and Troxel Law LLP to represent her in her claims against Postmates; and (iv) the Petitioner does not believe she will want to participate in the proposed class action settlement in *Rimler v. Postmates* (CGC-18-567868), and does not want to delay her claims pending approval of the *Rimler* settlement.  A true and correct example of a redacted declaration is attached at MR0001.[1]  To avoid burdening the Court and the ECF system with 5,290 substantially similar declarations, Petitioners have instead made the remaining declarations, MR0002-5290, available for download at this link: https://kl.link/2LTZjGN.

10.  Because each Petitioner has confirmed she is a Postmates courier and confirmed the date of her last delivery, each Petitioner has established she has an agreement to arbitrate with Postmates and provided the information necessary to determine the governing Fleet Agreement.  Exhibit A to the Petition identifies the applicable Fleet Agreement for each Petitioner.  Exhibits B through E to the Petition are true and correct copies of the various Fleet Agreement versions.

I affirm the foregoing is true under penalty of perjury under the laws of the United States of America.

---

[1] Petitioners have redacted their email addresses.  Pending this Court's Order on their Motion to Seal, ECF No. 41, Petitioners will file unredacted versions under seal at MP_UNREDACTED_0001-5290.

1  Signed on May 22, 2020 in Chicago, Illinois

/s/ Marquel Reddish
Marquel Reddish

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Washington, D.C. My business address is 1300 I Street N.W., Suite 400E, Washington, D.C. 2005. On March 22, 2020, I served true copies of the following document(s) described as:

- UNREDACTED VERSIONS OF PETITIONER DECLARATIONS (MR_UNREDACTED_0001–5290).

on the interested parties in this action as follows:

    THEANE EVANGELIS, SBN 243570
      tevangelis@gibsondunn.com
    DHANANJAY S. MANTHRIPRAGADA, SBN 254433
    dmanthripragada@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
    Los Angeles, CA 90071-3197
    Telephone: 213.229.7000
    Facsimile: 213.229.7520

    MICHELE L. MARYOTT, SBN 191993
      mmaryott@gibsondunn.com
    SHAUN A. MATHUR, SBN 311029
      smathur@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
    3161 Michelson Drive
    Irvine, CA 92612-4412
    Telephone: 949.451.3800
    Facsimile: 949.451.4220

[ X ] (BY E-MAIL) I caused the foregoing documents to be sent to the persons at the electronic notification addresses listed above (or on the attached service list). I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ] (BY MAIL) By causing the placement of the envelope for collection and

mailing following our ordinary business practices. I am readily familiar with firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service (or its equivalent) on that same day (or if outside business hours, the next available business day) with postage thereon fully prepaid.

I affirm that the foregoing is true under penalty of perjury under the laws of the United States.

Signed on May 22, 2020 in Arlington, Virginia.

/s/ Warren Postman
Warren Postman