# Exhibit B

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Thursday, April 2, 2020 8:24 AM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; Manthripragada, Dhananjay S.
<DManthripragada@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller
<ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner
<tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker
<baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane
<TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele
L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

[External Email]
Ms. Florio,

Our understanding is that Postmates has failed to submit its share of the filing fees for the demands filed
by Keller Lenkner on February 15, 2020.  The 100 individuals shown on the attached spreadsheet have
advanced Postmates's share of the filing and administrative fees by wire.  The wire includes payment for
(1) Postmates's $400 per-claimant initial filing fee, (2) Postmates's $1,750 per-claimant arbitrator
selection fee, (3) each Claimant's $100 arbitrator selection fee; and (4) where applicable, the $200 per-
claimant filing fee that Postmates is obligated to pay under the 2017 and 2018 versions of its arbitration
agreement.  We ask that AAA assign these matters to arbitrators immediately so that we may seek an
interim award for reimbursement of these fees and other remedies for Postmates's failure to comply
with its arbitration agreement and AAA's Rules.  Because Postmates has not complied with AAA's
deadline, we do not think it is necessary or appropriate to give Postmates the opportunity to review
strike lists for these matters.  Postmates is in default of its obligations and should not be allowed to
delay Claimants' ability to seek an interim award through a strike list process.  Instead, we ask that AAA
immediately appoint arbitrators so that each of these matters may proceed without further delay.

Please let me know if AAA needs anything further before assigning these demands to arbitrators.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

1

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Friday, April 3, 2020 10:12 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

### *** External E-Mail – Use Caution ***

Dear Ms. Florio,

The administration of these 100 cases should be no different from the administration of the 50 cases for which Postmates paid filing fees in December.  Postmates objects to Claimants' requests for procedural deviations from the AAA rules.  Regardless of Claimants' advancement of invoiced fees, Postmates remains entitled to submit a strike list for these arbitrations.  The rules do not provide for a party whose fees have been advanced to lose substantive rights in arbitration proceedings, such as the ability to submit strike lists.  Claimants cite no rule or other authority in support of their position, and their counsel's subjective belief that granting Postmates its arbitrator selection rights is not "necessary or appropriate" is irrelevant.  AAA's fee demands have now been fully met as to these 100 arbitrations, paving the way for them to proceed in full just like any other arbitration.  Any later award reallocating fees may be made in due course by an arbitrator, pursuant to AAA's existing procedures and rules.

Further, no interim relief is warranted—especially since AAA's own emails have stated that Postmates has until April 15 to pay its share of fees before any arbitrations will be administratively closed.  And in any event, whether and when Claimants' requested relief is warranted are questions for arbitrators to decide in each of the 100 cases for which filing fees have been paid.

After preventing countless arbitrations from proceeding on a rolling basis for nearly a year based on a purported ethical obligation not to choose which of their many purported clients would have their claims heard first, Claimant's counsel now seems to have done exactly that.  Postmates is ready to arbitrate these 100 cases.  Please provide a strike list for these 100 arbitrations just as AAA did for the previous 50 arbitrations.  Postmates is available for an administrative conference call to discuss the administration of these cases.

**Dhananjay S. Manthripragada**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

2

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Friday, April 3, 2020 6:02 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Warren Postman <wdp@kellerlenkner.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

Good evening Counsel:

We acknowledge receipt of Claimants email dated April 2, 2020 and Respondent's email dated today April 3, 2020.

We would like to schedule an administrative conference call and can be available on April 7, 8, 9, or 10, we ask the parties to advise of their availability accordingly.

Sincerely,

Cheryl

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Monday, April 6, 2020 10:16 AM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; Manthripragada, Dhananjay S.
<DManthripragada@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller
<ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner
<tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker
<baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane
<TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele
L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

[External Email]
Ms. Florio,

Keller Lenkner can be available any time this week <u>except</u> 1-4pm ET on April 7 and 10-11am ET on April
8.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

4

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Tuesday, April 7, 2020 11:32 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

**\*\*\* External E-Mail – Use Caution \*\*\***

Cheryl – We are available for the administrative conference call on April 10.  Any time works except 1-1:30pm Pacific.

Thank you,
DJ
**Dhananjay S. Manthripragada**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Friday, April 10, 2020 8:47 PM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

Heather and Cheryl – Thank you for our very productive telephone conference earlier today.  Our client has put a lot of thought into how best to proceed, in terms of the arbitration selection process, and has concluded that the best way to proceed with these particular arbitrations (100) is for AAA to follow its standard arbitrator list/strike selection process for each of the pending arbitrations, but to include in its potential list of arbitrators those who are qualified from neighboring states, not just those who are qualified in California.

Please let me know if you have any questions.

Regards,
DJ
**Dhananjay S. Manthripragada**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Tuesday, April 21, 2020 3:57 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Cheryl Florio
<CherylFlorio@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller
<ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner
<tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker
<baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane
<TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele
L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; AAA Heather
Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

### *** External E-Mail – Use Caution ***

Ms. Santo and Ms. Florio,

While Claimants do not necessarily object to Postmates's request below, I am writing to ensure AAA has
Claimants' position as it puts together strike lists.  The parties' arbitration agreement states that "[t]he
arbitrator shall be an attorney with experience in the law underlying the dispute."  Claimants therefore
request that AAA include on the strike lists only attorneys with experience in California law.  We defer to
AAA's assessment of which arbitrators are qualified, and we understand that some attorneys from
outside California may still have experience with California law.  But we note this point in light of
Postmates's prior position that AAA should limit the number of arbitrations assigned to each
arbitrator.  Nothing in the parties' contract or AAA Rules precludes AAA from assigning multiple
arbitrations to a single arbitrator, so long as the arbitrator resolves each claimant's claims on an
individual basis.  Accordingly, to the extent avoiding multiple arbitrations before a single arbitrator
would require the appointment of an arbitrator without experience in California law, the contractual
requirement of a California-qualified arbitrator must govern, and Postmates's preference for one
arbitrator per case must give way.  Relatedly, if limiting the pool to California-qualified arbitrators makes
it administratively difficult to produce unique strike lists, we think it would be appropriate to reduce the
size of each strike list.

Thank you in advance for considering these points as you put together strike lists.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Friday, April 24, 2020 5:35 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

[External Email]
Good evening Counsel:

At this time we request the comments of Respondent with respect to the below email. Said comments are to be received by the AAA on or before May 1, 2020.

Regards,

Cheryl

**AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

From: Sean Duddy skd@kellerlenkner.com
Subject: RE: 10,356 Individuals v. Postmates, Inc.
Date: May 1, 2020 at 7:07 PM
To: Manthripragada, Dhananjay S. DManthripragada@gibsondunn.com, AAA Cheryl Florio CherylFlorio@adr.org, Warren Postman wdp@kellerlenkner.com, Mathur, Shaun SMathur@gibsondunn.com, Ashley Keller ack@kellerlenkner.com, Travis Lenkner tdl@kellerlenkner.com, Marquel Reddish mpr@kellerlenkner.com, Fogelman, James P. JFogelman@gibsondunn.com, Evangelis, Theane TEvangelis@gibsondunn.com, Cochrane, Thomas TCochrane@gibsondunn.com, Maryott, Michele L. MMaryott@gibsondunn.com, McKenna, Madeleine MMcKenna@gibsondunn.com, AAA Heather Santo heathersanto@adr.org

Ms. Santo and Ms. Florio,

Claimants are hereby amending their demands for arbitration. The amended demands may be found here. I will send the password under separate cover.

Regards,

Sean K. Duddy
Associate
**Keller | Lenkner**
150 N. Riverside Plaza, Suite 4270 | Chicago, IL 60606
312.948.8464| Website | Email

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Wednesday, May 6, 2020 5:06 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Brett Walker <baw@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>
**Cc:** AAA Cheryl Florio <CherylFlorio@adr.org>; AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: 10,356 Individuals v. Postmates, Inc.

Dear Counsel:

After review of the positions of the parties and the arbitration agreement, we are proceeding in accordance with the Employment Rules by issuing lists for selection of arbitrators from the employment panel as the parties are not in agreement to proceed otherwise.

Sincerely,

Cheryl

**AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Friday, May 29, 2020 10:10 AM
**To:** Joseph Two <joseph.two@kellerlenkner.com>; Emma Knowles <emma.knowles@kellerlenkner.com>; Sheri Davis <Sheri.Davis@kellerlenkner.com>; Madeleine Milan <madeleine.milan@kellerlenkner.com>; Marquel Reddish <mpr@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Evana Herrera <eh@kellerlenkner.com>; Erin Frith <ef@kellerlenkner.com>; Maria De La Luz Zaragoza <maria.delaluzzaragoza@kellerlenkner.com>; Simons, Meredith S. <MSimons@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Mathur, Shaan S. <SMathur@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; mmckenna@gibsondunn.com; ESauer@gibsondunn.com; Henderson, Katie <KHenderson@gibsondunn.com>; Rodriguez, Bianca <bmrodriguez@littler.com>; Weissman, William Hays <WWeissman@littler.com>; Iradjpanah, Kayvan <Klradjpanah@littler.com>; Goldberg, Jennifer Foldvary <JAGoldberg@littler.com>; Lavi, Rachael S. <RLavi@littler.com>; LeBrun, Al <ALeBrun@littler.com>; Cresci-Smith, Cassandra N. <CCrescismith@littler.com>; Grandison, Cathy <CMGrandison@littler.com>; Edwards, Madison <MEdwards@littler.com>; Newcomb-Carter, Jonna <JNewcombCarter@littler.com>
**Cc:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Subject:** 100 Individuals v Postmates

Dear Counsel:

Inasmuch as the seven (7) individually named respondents included on the amended demands dated May 1, 2020 have not yet received the AAA's correspondence dated May 18th or 19th the due dates in our correspondence will be adjusted. A formal letter will be forthcoming confirming the new deadlines which will be applicable to all 100 cases.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Cheryl

**AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Sean Duddy
**Sent:** Monday, June 22, 2020 11:06 AM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Cc:** Marquel Reddish <mpr@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; cheryl.orr@faegredrinker.com; Weissman, William Hays <WWeissman@littler.com>
**Subject:** 100 Individual Claimants v. Postmates et al.

Ms. Florio,

Please see the attached correspondence regarding arbitrator selection in these matters.

Regards,

**Sean K. Duddy**
Associate

**Keller | Lenkner**
150 N. Riverside Plaza, Suite 4270 | Chicago, IL 60606
312.948.8464 | Website | Email

# Keller | Lenkner

June 22, 2020

Ms. Cheryl Florio —CherylFlorio@adr.org
American Arbitration Association
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

VIA ELECTRONIC DELIVERY

Re:      Arbitrator Appointments

Dear Ms. Florio:

Thank you for the work you and your team put into providing the 100 individual strike lists due today. The Claimants covered by those lists respectfully request that, if the strike process does not produce a mutually acceptable arbitrator in a particular matter, AAA directly appoint an arbitrator to that matter, pursuant to its authority under Employment Rule 12.c.iii. These Claimants were forced to advance Postmates's fees after Postmates refused for weeks to comply with AAA's fee determinations. Postmates then insisted on individual strike lists instead of agreeing to the faster, more efficient approach of a single master strike list. Each Claimant has a strong interest in moving forward without further delay.

In light of Postmates's tactics to date, we also would like to emphasize several requirements of the parties' agreements and the AAA rules that should govern the direct appointment process.

First, as Postmates agrees, each of these arbitrations must be conducted individually. As a result, AAA cannot remove an arbitrator from the direct appointment panel for one matter simply because Postmates struck or disqualified the arbitrator in a different matter.

Second, Postmates has asserted that no single arbitrator should be assigned more than one arbitration in which Keller Lenkner represents a claimant. As AAA has acknowledged previously, however, that approach is not required by the AAA rules or the requirement of individual arbitration. Just as a judge may hear multiple separate and individual cases against the same defendant, so too may an arbitrator hear multiple separate and individual cases against Postmates. In fact, it would be contrary to the very concept of treating each arbitration individually for AAA to disqualify arbitrators en masse in this way.

Both of those issues—to the extent they could cause AAA to decline to directly appoint arbitrators it would otherwise appoint—are the functional equivalent of allowing Postmates to preemptively disqualify arbitrators. Such preemptive disqualification would blatantly skew the panel and effectively give Postmates dozens or hundreds of additional strikes before AAA engages in direct appointment. That is not allowed by the AAA rules or the parties' agreements.

Third, the parties' agreements require that "[t]he arbitrator shall be an attorney with experience in the law underlying the dispute." The purpose of this requirement is self-evident: the parties agreed to require an arbitrator who has experience with the legal rules under which the parties will be litigating. Here, the legal rules under which the parties will be litigating—the "law underlying the dispute[s]"—is

# Keller | Lenkner

California wage and hour law. Each arbitrator that AAA directly appoints must therefore have experience with California wage and hour law. That is true under the plain terms of the parties' agreements. And it is particularly important here, as California wage and hour law is quite different from wage and hour law in other states. This has proven true in the 50 arbitrations involving Keller Lenkner clients and Postmates that are currently proceeding. Out-of-state arbitrators in those matters have acknowledged their unfamiliarity with California law.

We respectfully submit that if a single claimant in California had brought a claim against Postmates in California, AAA would, without question, appoint a California arbitrator. So long as California arbitrators are available, AAA should not change that practice. Claimants do not agree to a contrary approach and, in the absence of party agreement, AAA should adhere to its standard practice.

In short, the parties' agreements and the AAA rules require AAA to appoint qualified and available arbitrators without pre-screening or distorting the available panel to select the arbitrators Postmates has said it prefers.

Sincerely,

*Sean Duddy*

Sean Duddy

cc:     Dhananjay Manthripragada, DManthripragada@gibsondunn.com
        Cheryl Orr, cheryl.orr@faegredrinker.com
        William Weissman, wweissman@littler.com

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Wednesday, June 24, 2020 2:46 PM
**To:** Sean Duddy <skd@kellerlenkner.com>; AAA Cheryl Florio <CherylFlorio@adr.org>
**Cc:** Marquel Reddish <mpr@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; cheryl.orr@faegredrinker.com; Weissman, William Hays <WWeissman@littler.com>
**Subject:** RE: 100 Individual Claimants v. Postmates et al.

[External Email]
Dear Counsel:

This will acknowledge receipt of the attached correspondence from Claimant dated June 22, 2020.

At this time we request the comments of Respondent(s) with respect to Claimant's letter. Said comments are to be received by the AAA on or before July 3, 2020.

Sincerely,

Cheryl

**AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying o

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Friday, July 3, 2020 3:33 PM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; Sean Duddy <skd@kellerlenkner.com>
**Cc:** Marquel Reddish <mpr@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; cheryl.orr@faegredrinker.com; Weissman, William Hays <WWeissman@littler.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Iradjpanah, Kayvan <KIradjpanah@littler.com>; Lavi, Rachael S. <RLavi@littler.com>
**Subject:** RE: 100 Individual Claimants v. Postmates et al.

Hi Cheryl – Please see the attached.

Thank you,
DJ
**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

17

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Dhananjay S. Manthripragada
Direct: +1 213.229.7366
Fax: +1 213.229.6366
DManthripragada@gibsondunn.com

July 3, 2020

VIA ELECTRONIC MAIL

Cheryl Florio
American Arbitration Association
1301 Atwood Ave., Suite 211N
Johnson, RI 02919

Re:     Arbitrator Appointments

Dear Cheryl:

For the second time in two months, Claimants insist that AAA should rewrite the Fleet Agreement's Mutual Arbitration Provision and deviate from its established practice of assigning each arbitration to a separate arbitrator from the employment panel.  In a letter akin to a motion for reconsideration, Claimants repeat prior arguments that AAA should assign multiple arbitrations to a single arbitrator, and that each arbitrator must be a California arbitrator experienced in California law.  AAA has already considered and rejected these arguments, and it should do so again here.  *See* Email from Warren Postman to Heather Santo and Cheryl Florio on April 21, 2020; Email from Cheryl Florio to the Parties on May 6, 2020.

To date, it has been AAA's practice to assign only one arbitration to a single arbitrator. There is no reason for AAA to deviate from its established practice of administration, and Postmates does not consent to any such deviation.  The Mutual Arbitration Provision provides that each arbitration must be conducted *individually*—meaning that a separate arbitrator must hear and evaluate each Claimant's claims separate from the claims of any other Claimant, and that a decision in one arbitration cannot affect the outcome of any other arbitration.  *See Adams v. Postmates Inc.*, 4:19-cv-03042-SBA, Dkt. 202 at 6 (N.D. Cal. June 24, 2019) (Claimants' counsel conceding that individual arbitration requires that the decision in one arbitration may not "affect the legal rights of any other Postmates courier").  Neither AAA's rules nor AAA's procedures require multiple arbitrations to be assigned to a single arbitrator.

Claimants correctly note that the Mutual Arbitration Provision requires the assigned arbitrator to "be an attorney with experience in the law underlying the dispute."  But to date in these arbitrations, AAA has interpreted that to mean an attorney experienced in labor and employment law, not necessarily a California arbitrator experienced in California law.  As Postmates previously explained, Postmates is not saying that being familiar with California labor law in particular is not helpful; it is just not required.  *See* Email from Dhananjay Manthripragada to Heather Santo and Cheryl Florio on May 1, 2020; *accord* AAA

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Cheryl Florio
July 3, 2020
Page 2

Employment Rule 12(b)(i) ("[n]eutral arbitrators serving under these rules shall be experienced in the field of employment law"). AAA has adopted this interpretation thus far in the parties' arbitrations. *See* Email from Cheryl Florio to the Parties on May 6, 2020. And AAA has informed the parties that it will not deviate from the parties' agreement or its own procedures unless the parties agree otherwise. *See, e.g.*, *id.* Consistent with its past position, Postmates still does not consent to Claimants' attempt to rewrite the Fleet Agreement. Further, Claimants' speculation that AAA would appoint a California arbitrator if a single claimant in California brought a claim against Postmates in California is irrelevant since Claimants have conceded this is not the situation here.

In sum, Claimants' letter—disguised as a new request—merely repeats arguments AAA has already considered and rejected. In the parties' arbitration proceedings to date, AAA has appointed a separate arbitrator to each Claimant's arbitration, and has appointed arbitrators with experience in labor and employment law in line with the Mutual Arbitration Provision in the parties' agreement. Postmates does not agree to any deviation from such procedures, and therefore respectfully requests that AAA follow its established procedures and deny Claimants' requests.

Sincerely,

Dhananjay Manthripragada

cc:   Sean Duddy, skd@kellerlenkner.com
      Cheryl Orr, cheryl.orr@faegredrinker.com
      Kayvan Iradjpanah, kiradjpanah@littler.com
      William Weissman, wweissman@littler.com
      Rachel Lavi, rlavi@littler.com

**From:** Sean Duddy <skd@kellerlenkner.com>
**Sent:** Tuesday, July 7, 2020 7:29 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Cheryl Florio <CherylFlorio@adr.org>
**Cc:** Marquel Reddish <mpr@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; cheryl.orr@faegredrinker.com; Weissman, William Hays <WWeissman@littler.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Iradjpanah, Kayvan <KIradjpanah@littler.com>; Lavi, Rachael S. <RLavi@littler.com>
**Subject:** RE: 100 Individual Claimants v. Postmates et al.

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Florio,

Please see Claimants' response, attached.

Thank you,
Sean

**Sean K. Duddy**
Associate

Keller | Lenkner
150 N. Riverside Plaza, Suite 4270 | Chicago, IL 60606
312.948.8464 | Website | Email

# Keller | Lenkner

July 7, 2020

Ms. Cheryl Florio—CherylFlorio@adr.org
American Arbitration Association
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

<u>VIA ELECTRONIC DELIVERY</u>

Re:      Arbitrator Appointments

Dear Ms. Florio:

Claimants briefly respond to Postmates's letter of July 3, as follows:

<u>First</u>, Postmates concedes that AAA should not decline to directly appoint an arbitrator simply because Postmates has previously struck or disqualified the arbitrator in a <u>different</u> matter.

<u>Second</u>, Claimants and Postmates agree that Claimants' arbitrations must be "individual," but fundamentally disagree about what "individual" means. "Individual" arbitration means that each Claimant's case must be decided independently from every other Claimant's case, based on the merits of his or her claims alone. It also means that, subject to arbitrator availability, each Claimant should have his or her arbitrator appointed from the panel that AAA would draw from if only that Claimant had filed an arbitration demand against Postmates.

Postmates asserts that one Claimant's case cannot be decided independently from another Claimant's case if the same arbitrator is overseeing both cases separately. Postmates suggests that such an approach would violate the principle that "the decision in one arbitration may not affect the legal rights of any other Postmates courier." Postmates's Letter at 1. But Postmates never explains <u>why</u> AAA's arbitrators, all of whom have practiced law for decades and many of whom have served as judges, are incapable of treating separate cases separately, ruling on the merits of each independently. A court can hear multiple individual cases at the same time even though they are against the same defendant. So can an arbitrator.

Ironically, it is Postmates, not Claimants, that is attempting to avoid individual arbitration by asking AAA to strike arbitrators from the panel for one Claimant's case on the ground that the arbitrator is hearing a different Claimant's case. Postmates's approach would render AAA incapable of handling more arbitrations against a Defendant than there are available, qualified arbitrators on the panel. Such an approach would work to Postmates's benefit, given that thousands of its couriers seek to arbitrate misclassification claims against it. But treating one Claimant's demand differently based on the existence of other Claimants' demands is the opposite of treating each individually.

<u>Third</u>, Claimants do not claim that AAA is <u>required</u>, as a general matter, to assign multiple arbitrations to a single arbitrator. But such an approach <u>is</u> required when, as here, it is the only way to ensure that a qualified arbitrator is assigned to each Claimant's case. The law underlying each Claimant's dispute is California law. And as has become clear in the arbitrations currently proceeding, arbitrators outside of California—even those experienced in the labor and employment regimes of other states—do not

# Keller | Lenkner

have experience in California law. Thus, to ensure that each Claimant is assigned an arbitrator experienced in California law, AAA may assign multiple cases to the same qualified arbitrator.

Postmates asserts that Claimants' hypothetical about a single arbitration is "irrelevant" because "this is not the situation here." Postmates's Letter at 2. But that assertion only illustrates that Postmates is attempting to treat these matters as a group. Precisely because these are individual arbitrations, the fact that multiple arbitrations have been filed should not make any difference. If only one arbitration were filed by a single California claimant raising questions of California law and direct appointment were required, AAA would of course appoint an arbitrator from the California panel. The result should be the same here. Postmates has no interest in avoiding the arbitrators most experienced in the governing law, and the parties' agreement does not allow, let alone require, that AAA pass over the arbitrators it would normally appoint because Postmates does not want any arbitrator to conduct more than one individual arbitration.

Sincerely,

*Sean Duddy*

Sean Duddy

cc:   Dhananjay Manthripragada, DManthripragada@gibsondunn.com
      Cheryl Orr, cheryl.orr@faegredrinker.com
      Kayvan Iradjpanah, kiradjpanah@littler.com
      William Weissman, wweissman@littler.com
      Rachel Lavi, rlavi@littler.com

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Date:** Friday, July 10, 2020 at 12:58 PM
**To:** Sean Duddy <skd@kellerlenkner.com>, "Manthripragada, Dhananjay S." <DManthripragada@gibsondunn.com>
**Cc:** Marquel Reddish <mpr@kellerlenkner.com>, Warren Postman <wdp@kellerlenkner.com>, "cheryl.orr@faegredrinker.com" <cheryl.orr@faegredrinker.com>, "Weissman, William Hays" <WWeissman@littler.com>, "Mathur, Shaun" <SMathur@gibsondunn.com>, "Iradjpanah, Kayvan" <KIradjpanah@littler.com>, "Lavi, Rachael S." <RLavi@littler.com>
**Subject:** RE: 100 Individual Claimants v. Postmates et al.

Dear Parties:

After review of the positions of the parties and the arbitration agreement, we are proceeding in accordance with the Employment Rules by appointing the mutually acceptable arbitrators yielded by rankings and will administratively appoint neutrals in the remaining cases as the parties have not agreed to a different process.

Thank you,

**AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.