| | |
|---|---|
| Aaron Zigler (#327318)<br>  amz@kellerlenkner.com<br>Ashley Keller (*pro hac vice*)<br>  ack@kellerlenkner.com<br>KELLER LENKNER LLC<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, Illinois 60606<br>(312) 741-5220 | Keith A. Custis (#218818)<br>  kcustis@custislawpc.com<br>CUSTIS LAW, P.C.<br>1999 Avenue of the Stars<br>Suite 1100<br>Los Angeles, California 90067<br>(213) 863-4276 |

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Defendants/Cross-Petitioners*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTMATES INC.,<br><br>      *Plaintiff,*<br><br>vs.<br><br>10,356 INDIVIDUALS,<br><br>      *Defendants.*<br><br>———————————<br><br>GREENWOOD, et al.,<br><br>      *Cross-Petitioners,*<br><br>vs.<br><br>POSTMATES INC.,<br><br>      *Cross-Respondent.* | Case No: 2:20-cv-02783-PSG<br><br>**DEFENDANTS' AND CROSS-PETITIONERS' OPPOSITION TO MOTION FOR LEAVE TO FILE PROPOSED BRIEF OF *AMICUS CURIAE* THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA**<br><br>**Judge:** Hon. Philip S. Gutierrez<br>**Date:** November 17, 2020<br>**Time:** 1:30 P.M. |

Defendants respectfully oppose the motion by the Chamber of Commerce of the United States of America (the "Chamber") for leave to file an amicus brief in support of Postmates's motion for judgment on the pleadings.

An amicus brief in district court proceedings "is normally allowed only when (1) a party is not represented competently or is not represented at all, (2) the amicus has an interest in another case that may be affected by the holding in the present case, or (3) the amicus can present unique information that can help the court in a way that is beyond the abilities the lawyers for the parties are able to provide." *AmeriCare MedServices, Inc. v. City of Anaheim*, No. 816CV1596JLSAFMX, 2017 WL 1836354, at *1 (C.D. Cal. Mar. 28, 2017) (internal quotation marks omitted).

The Chamber's proposed amicus brief satisfies none of these criteria. Postmates is already represented by competent counsel. The Chamber's motion does not identify another case in which the Chamber is a party that might be affected by the holding in this case.[1] And the Chamber's proposed brief does not present any "unique" information that is "beyond the abilities" of Postmates's counsel to provide.

The Chamber's brief is particularly inappropriate given the procedural posture here and the purely legal nature of the dispute at this stage. Perhaps recognizing that any additional factual assertions would be improper in support of a motion for judgment on the pleadings, the Chamber's proposed brief offers exclusively legal arguments about why it believes SB 707 is preempted. Postmates's counsel is

---

[1] To the extent the Chamber suggests that some of <u>its members</u> are parties to other cases that may be affected by this case, that argument proves too much. The Chamber's motion touts that the Chamber "represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country." Chamber of Commerce Br. at 1. If the Chamber were entitled to file a brief in every district court case that might decide an issue that might be of interest to any of its 3 million members, the Chamber would be entitled to file a brief in virtually every civil case in the country.

eminently capable of addressing the legal issues presented by Postmates's motion within the allotted page limits. *Cf. Fox Television Stations, Inc. v. BarryDriller Content Sys.*, PLC, 915 F. Supp. 2d 1138, 1142 (C.D. Cal. 2012) ("The Court would not take judicial notice of the amicus briefs because, as Plaintiffs object, the request is an implicit attempt to extend Defendants' page limits without leave, or to file amicus briefs without leave.").

The Chamber's attempt to file an amicus brief at the early stages of district court litigation was similarly denied in *United States v. Microsoft*, No. 2:15-cv-00102-RSM (ECF No. 182) (W.D. Wash. Nov. 14, 2016):

> The Court generally agrees with the Government's view that these proposed briefs were intended to "effectively sidestep the page limits." The Court further finds that the proposed amici do not have sufficiently unique perspectives or unique information to warrant granting leave to greatly expand the briefing, and are simply attempting to bolster Microsoft's existing positions. The Court agrees with the Government that Microsoft and KPMG have more than adequate counsel and resources to advocate on their own behalf.

The same reasoning applies with equal force here. The Chamber's motion for leave should be denied.

| | |
|---|---|
| Dated: October 15, 2020 | Respectfully submitted, |
| | /s/ Warren Postman |
| Keith A. Custis (#218818) | Warren Postman (*pro hac vice*) |
| kcustis@custislawpc.com | wdp@kellerlenkner.com |
| CUSTIS LAW, P.C. | KELLER LENKNER LLC |
| 1999 Avenue of the Stars | 1300 I Street, N.W., Suite 400E |
| Suite 1100 | Washington, D.C. 20005 |
| Los Angeles, California 90067 | (202) 749-8334 |
| (213) 863-4276 | |
| | Aaron Zigler (#327318) |
| | amz@kellerlenkner.com |
| | Ashley Keller (*pro hac vice*) |
| | ack@kellerlenkner.com |
| | KELLER LENKNER LLC |
| | 150 N. Riverside Plaza, Suite 4270 |
| | Chicago, Illinois 60606 |
| | (312) 741-5220 |
| | *Attorneys for Defendants/Cross-Petitioners* |